UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP,<br><br>                   Plaintiffs,<br><br>     - against -<br><br>JOHN DOES 1 THROUGH 100,<br><br>                   Defendants. | Case No. _____<br><br>**DECLARATION OF BRIAN SOPINSKY IN SUPPORT OF PLAINTIFFS' TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AND *EX PARTE* MOTION FOR <u>EXPEDITED DISCOVERY</u>** |

I, BRIAN SOPINSKY, pursuant to 28 U.S.C. § 1746, declares:

1.      I am General Counsel for Susquehanna International Group LLP, which is an affiliate of plaintiffs Susquehanna Securities, LLC and Susquehanna Investment Group (together, "Plaintiffs").  I submit this declaration in support of Plaintiffs' application for a temporary restraining order and order to show cause for a preliminary injunction, and *ex parte* motion for expedited discovery.

2.      The above-captioned action relates to claims Plaintiffs are bringing against certain unknown individuals (the "John Doe Defendants") who purchased a large number of perfectly timed out-of-the-money near-term put options between May 7, 2026 and May 21, 2026 (the "Subject Trades").  Plaintiffs served as counterparty for a large number of those trades. Based on the timing and nature of these trades, Plaintiffs allege that these counterparties were unlawfully trading on the basis of non-public inside information.

3.      Because these option trades were conducted through intermediary brokers at which the John Doe Defendants have accounts, Plaintiffs did not know their identities at or

after the time the trades were executed.  Plaintiffs still do not know who the John Doe Defendants are at this time.

4.      Plaintiffs are in possession of data that indicates that a large majority of such trades were made through three brokers that operate electronic trading platforms: Interactive Brokers Group, Inc. ("Interactive Brokers"), Futu Holdings Limited ("Futu"); and TradeUP Securities, Inc. ("TradeUP," and collectively with Interactive Brokers and Futu, the "Brokers").

5.      I have spoken to (or attempted to speak to) personnel at each of the Brokers to learn the identity of their account holders that made the Subject Trades.

6.      On June 2, 2026, I spoke by telephone with David Luger, who is Head of Litigation at Interactive Brokers, and explained to him Plaintiffs' suspicions about the Subject Trades.   I followed up that call by sending him a spreadsheet detailing the particular Subject Trades made by accounts held with Interactive Brokers.  On June 3, 2026, I spoke again with Mr. Luger regarding the relevant accounts to see if I could learn more information about the Subject Trades that traded through Interactive Brokers, including the identifies of Plaintiffs' counterparties, but Mr. Luger informed me he was not at liberty to share that information with me absent a court order or other judicial process.  On June 12, 2026, I spoke again with Mr. Luger, who told me there were a total of nine accounts with Interactive Brokers that were on the opposite side of the Subject Trades, but he was unauthorized to provide any identifying information regarding the owner of such accounts, nor any information regarding the relevant account numbers.

7.      On June 10, 2026, I spoke with Vickramjit Sharma, who is the Chief Legal Officer for Futu (and other officers of Futu) by videoconference regarding the holders of the

accounts that made the Subject Trades.  Mr. Sharma was unable to provide any identifying

information regarding the owner of such accounts.  Mr. Sharma informed me that the account

which made the Subject Trades through Futu is a broker's "omnibus account," which means that

all such broker's customers' activity is routed through that account, and that only the owner of

the omnibus account itself would have knowledge of the identity of each underlying

counterparty.

8.      I attempted to speak to TradeUp regarding the identities of the account

holders who were the counterparties on the Subject Trades.  But as of the date of this declaration,

I have not been able to speak with anyone at TradeUp to try to obtain any of this information.

4913-1956-3704.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June __26__, 2026 at Bala Cynwyd, Pennsylvania.

_____
Brian Sopinsky