UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP,<br><br>                                Plaintiffs,<br><br>        - against -<br><br>JOHN DOES 1 THROUGH 100,<br><br>                                Defendants. | Case No. _____<br><br>**DECLARATION OF JOHN N. ORSINI PURSUANT TO LOCAL RULE 6.1(d) AND IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND *EX PARTE* MOTION FOR EXPEDITED DISCOVERY** |

JOHN N. ORSINI, pursuant to 28 U.S.C. § 1746, declares:

1.      I am a member of the firm Friedman Kaplan Seiler Adelman & Robbins, LLP.  I submit this declaration on behalf of plaintiffs Susquehanna Securities, LLC and Susquehanna Investment Group in support of Plaintiffs' application for a temporary restraining order and preliminary injunction, and Plaintiff's *ex parte* motion for expedited discovery.

2.      Plaintiffs bring this action to recover profits obtained by certain unknown defendants (the "John Doe Defendants") through a coordinated insider trading scheme.  Plaintiffs allege that the John Doe Defendants used U.S. exchanges to purchase short-dated put options in the stock of two cross-border trading platforms used by many mainland Chinese investors. Plaintiffs further allege that all such orders were placed in the two weeks leading up to a public announcement, made on May 22, 2026, announcing a Chinese government crackdown on cross-border trading platforms, including specifically the two platforms whose stock the John Doe Defendants had bet would substantially decline within that same timeframe.  Plaintiffs allege that once that announcement was made, the prices of those stocks plummeted, allowing the John Doe

Defendants to illegally secure tens of millions of dollars in profits at Plaintiffs' expense. Plaintiffs have been unable to learn the identities of the John Doe Defendants.

3.  Plaintiffs seek a temporary restraining order and preliminary injunction restraining the John Doe Defendants from transferring, encumbering, removing, or otherwise conveying proceeds held in accounts with third-party broker firms TradeUP Securities, Inc. ("TradeUP"), Interactive Brokers Group, Inc. ("Interactive Brokers") and Futu Holdings Limited ("Futu") (together, the "Brokers"), and enjoining Defendants' employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors, and assigns, and all those in active concert or participation with them or having knowledge of the causes of action, including the Brokers, from enabling or assisting Defendants in such uses.

4.  Plaintiffs also seek an order pursuant to Rule 26(d)(1) permitting Plaintiffs to take narrow, expedited third-party discovery in advance of conducting a Rule 26(f) conference in order to discover the identities of the John Doe Defendants, and to lift the discovery stay imposed by the Private Securities Litigation Reform Act of 1994 solely to permit that discovery.

5.  Pursuant to Local Civil Rule 6.1(d), I submit this Declaration to explain why Plaintiffs believe it is necessary to bring this application by way of *ex parte* order to show cause rather than by notice of motion.

6.  Plaintiffs have reason to believe Defendants may be trading through foreign accounts, given that the relevant trades were made in the stock of two cross-border trading platforms used by many mainland Chinese investors, and that the material non-public information obtained and illegally used to make the relevant trades relates to an imminent announcement regarding a crackdown by the Chinese government relating to cross-border investments.

7.      Accordingly, Plaintiffs seek relief by way of *ex parte* order to show cause in order to preserve the status quo because there is a significant risk that the unknown John Doe Defendants will transfer out of the United States funds held in certain brokerage accounts which were obtained by way of Defendants' illegal insider trading, if they were to receive notice of the instant application.  As set forth in detail in the accompanying Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction or Attachment in the Alternative, and *Ex Parte* Motion for Expedited Discovery, this relief would ensure that the status quo would be maintained, and there would be no turn-over or seizure of assets until after Defendants have an opportunity to be heard pending the outcome of this litigation.  If Defendants were to obtain notice of this application, Defendants could direct the Brokers to transfer the illegally-obtained funds to accounts outside of the United States, and therefore out of the reach of plaintiffs and the Court.

8.      Plaintiffs have made no prior application for the specific relief requested herein.

9.      In support of Plaintiffs' *Ex Parte* Motion for Expedited Discovery:

(i)      attached hereto as Exhibit A is a true and correct copy of a Subpoena to Produce Documents, Information or Objects in a Civil Action addressed to Interactive Brokers Group, Inc., pursuant to Federal Rule of Civil Procedure 45;

(ii)      attached hereto as Exhibit B is a true and correct copy of a Subpoena to Produce Documents, Information or Objects in a Civil Action addressed to TradeUP Securities, Inc., pursuant to Federal Rule of Civil Procedure 45; and

(iii)    attached hereto as Exhibit C is a true and correct copy of a Subpoena to

Produce Documents, Information or Objects in a Civil Action addressed to

Futu Holdings Limited, pursuant to Federal Rule of Civil Procedure 45.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2026 at New York, New York.

*/s/ John N. Orsini*

_____

John N. Orsini