# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Susquehanna Securities LLC et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| John Does 1 through 100 | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Interactive Brokers Group, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Friedman Kaplan Seiler Adelman & Robbins LLP 7 Times Square, New York NY 10036 | Date and Time: 07/13/2026 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiffs
Susquehanna Securities LLC and Susquehanna Investment Group        , who issues or requests this subpoena, are:

John N. Orsini, 7 Times Square, New York NY 10036, jorsini@fklaw.com, 212.833.1100.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.     "Action" means the above-captioned action.

2.     Pursuant to Southern District of New York Local Rule (the "Local Rules" and each, a "Local Rule") 26.3(c)(1), "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether orally or in writing, electronic or physical.

3.     Pursuant to Local Rule 26.3(c)(7), "Concerning" means relating to, referring to, describing, evidencing or constituting.

4.     "Complaint" means the complaint filed in this Action, attached hereto as Exhibit A.

5.     "Subject Trades" means the purchases of short-dated FUTU and TIGR put options between May 7, 2026 and May 21, 2026 as identified at Paragraph 22 of the Complaint.

6.     Pursuant to Local Rule 26.3(c)(2), "Document" shall have the broadest meaning possible equal in scope to the usage of that term in Rule 34(a) of the Federal Rules of Civil Procedure, including any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), e-mail, text message, social media message, photograph, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind including tape, cassette, disc, magnetic card or recording. "Documents" shall also include copies of documents of which the originals have been destroyed

4937-3061-8037.1

pursuant to a document destruction policy or otherwise.  Each non-identical copy of a Document shall be considered a separate Document.

7.    Pursuant to Local Rule 26.3(d)(1), the terms "all," "any," and "each" shall be construed as encompassing any and all.

8.    Pursuant to Local Rule 26.3(d)(2), the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests and Topics all responses that might otherwise be construed to be outside of its scope.

9.    Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

10.    All documents are to be produced in the form they are maintained in the usual course of business.

11.    If any responsive document is withheld or redacted on the basis of any claim of privilege or work product, please submit a schedule listing such documents on a document-by-document basis (*i.e.*, not a categorical basis) and state for each document: (a) the type of document; (b) the date of the document; (c) the author(s) of the document; (d) where not apparent, the relationship of the author(s) and the addressees and recipients to each other; (e) the general subject matter of the document; and (f) the basis on which the document is being withheld.

12.    If any document has been lost, discarded, or destroyed, each document so lost, discarded or destroyed shall be identified as completely as possible.  Identification of such documents shall include, without limitation, the information required of privileged or redacted documents, as well as the date of disposal and persons disposing of the document.

2

13.    These requests are continuing in nature.  If additional responsive documents are received or discovered after the initial production, such additional documents shall be produced as soon as practicable after they are received or discovered.

14.    Unless otherwise stated, all Requests seek documents for the period from May 1, 2026 to the present (the "Relevant Time Period").

### REQUESTS FOR PRODUCTION

1.    Documents sufficient to identify each account that made the Subject Trades, including account number or other individual identifying information.

2.    Documents sufficient to identify the owner of each such account that made the Subject Trades, including the (i) name; (ii) address; (iii) phone number; and (iv) email address of such owner.

3.    All account statements, trade blotters and other records or logs reflecting or referring to the Subject Trades, including records detailing the trade date, security or instrument traded, quantity, price, counterparty, nature of the trade and status of the trade.

3