UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP,<br><br>                Plaintiffs,<br><br>      - against -<br><br>JOHN DOES 1 THROUGH 100,<br><br>                Defendants. | Case No. 26 Civ. 5474 |

## MEMORANDUM OF LAW IN SUPPORT OF
## CITADEL SECURITIES' ORDER TO SHOW CAUSE FOR INTERVENTION

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone: +1-212-455-2000
Facsimile: +1-212-455-2502

*Attorneys for Proposed Plaintiff-Intervenor*
*Citadel Securities, LLC*

July 2, 2026

1

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND & PROCEDURAL HISTORY ...................................................................... 2

ARGUMENT .................................................................................................................. 3

I.    CITADEL SECURITIES IS ENTITLED TO INTERVENE AS A MATTER OF
      RIGHT ............................................................................................................... 3

      1.    The Request for Intervention is Timely ................................................... 4

      2.    Citadel Securities has an Interest in the Instant Action ......................... 4

      3.    Disallowing Intervention Would Impair and Impede Citadel Securities'
            Ability to Protect Its Interests ............................................................... 5

      4.    Citadel Securities' Interests Are Not Adequately Protected by Plaintiffs .............. 6

II.   ALTERNATIVELY, PERMISSIVE INTERVENTION IS WARRANTED ................... 7

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Degrafinreid v. Ricks*,
 417 F. Supp. 2d 403 (S.D.N.Y. 2006) (citations omitted) ........................................................ 7

*Goldeneye Advisors, LLC v. Hanaco Venture Cap., Ltd.*, 2025
 WL 2081553 (S.D.N.Y. July 24, 2025) ................................................................................... 4

*Hartford Fire Ins. Co. v. Mitlof*,
 193 F.R.D. 154 (S.D.N.Y. 2000) ............................................................................................. 4

*Md. Cas. Co. v. W.R. Grace & Co.*,
 1996 WL 34154 (S.D.N.Y. Jan. 30, 1996) .............................................................................. 6

*Mort. Lenders Network, Inc. v. Rosenblum*,
 218 F.R.D. 381 (E.D.N.Y. 2003) ............................................................................................ 5

*N.J. Carpenters Health Fund v. Residential Cap., LLC*,
 2010 WL 5222127 (S.D.N.Y. Dec. 21, 2010) ........................................................................ 5

*Olin Corp. v. Lamorak Ins. Co.*,
 325 F.R.D. 85 (S.D.N.Y. 2018) ...................................................................................... 4, 5, 6

*Payne v. City of New York*,
 27 F.4th 792 (2d Cir. 2022) .................................................................................................... 5

*United States v. Pitney Bowes, Inc.*,
 25 F.3d 66 (2d Cir. 1994) ....................................................................................................... 4

*Willis v. Firestone Bldg. Prods. Co.*,
 231 F.R.D. 447 (D. Conn. 2005) ............................................................................................ 6

**Statutes**

Fed. R. Civ. P. 24(a) .................................................................................................................. 1

Fed. R. Civ. P. 24(b) .................................................................................................................. 6

Fed. R. Civ. P. 24(b)(1)(B) .................................................................................................... 1, 6

Fed. R. Civ. P. 24(b)(3) ............................................................................................................. 6

Fed. R. Civ. P. 24(a)(2) ............................................................................................................. 6

1

Proposed Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities"), by and through its undersigned attorneys, respectfully submits this memorandum of law in support of its Order to Show Cause why it should not be allowed to intervene in this Action pursuant to Federal Rule of Civil Procedure 24 (the "Order").

## PRELIMINARY STATEMENT

Citadel Securities is the victim of the same insider trading scheme that Plaintiffs Susquehanna Securities, LLC and Susquehanna Investment Group (together, "Susquehanna" or "Plaintiffs") allege in their Complaint. Accordingly, Citadel Securities seeks to assert the same causes of action against the same Defendants related to the same illegal conduct and seeks to recover damages from the same pool of Defendants' ill-gotten gains. Absent intervention, Citadel Securities will be impeded in its ability to protect its interests in recovering damages from the currently-frozen proceeds of Defendants' scheme. And while Citadel Securities and Plaintiffs are aligned in asserting claims against Defendants, Plaintiffs cannot adequately protect Citadel Securities' interests because Plaintiffs' recovery of damages could reduce the amount of damages available to Citadel Securities. Accordingly, intervention is mandatory under Fed. R. Civ. P. 24(a).

In the alternative, permissive intervention is warranted under Fed. R. Civ. P. 24(b)(1)(B) because Citadel Securities has claims against Defendants that share common questions of fact and law with the instant Action. Moreover, Citadel Securities' intervention will not cause undue delay or prejudice the adjudication of any other party's rights, as Citadel Securities is filing this Order just 3 days after Plaintiffs commenced the Action on June 29, 2026. To the contrary, Citadel Securities' participation will assist with the prosecution and adjudication of this matter given Citadel Securities' access to relevant facts. Furthermore, Plaintiffs have indicated that they do not oppose Citadel Securities' request for intervention.

1

Accordingly, for these reasons and the reasons explained more fully below, Citadel Securities requests that its Order be granted and that it be permitted to file the proposed Complaint attached to the Order as Exhibit A ("Proposed Complaint").

**<u>BACKGROUND & PROCEDURAL HISTORY</u>**

As described in more detail in the Proposed Complaint, Citadel Securities is the victim of an insider trading scheme in which Defendants fraudulently profited from their possession of material non-public information regarding an impending announcement regarding misconduct and forthcoming sanctions from the China Securities Regulatory Commission ("CSRC") that Defendants knew would cause a significant decline in the stock price of Futu Holdings Limited ("FUTU") and UP Fintech Holding Ltd ("TIGR"). (Exhibit A, Proposed Complaint ¶ 1).  In the days preceding the announcement, Defendants purchased thousands of short-dated put options in FUTU and TIGR stock from Citadel Securities.  (Exhibit A, Proposed Complaint ¶¶ 1-2).  When the stock prices for FUTU and TIGR did in fact decline following the CSRC's announcement, Defendants made enormous profits.  (Exhibit A, Proposed Complaint ¶ 2).  Citadel Securities' Proposed Complaint alleges substantially the same insider trading scheme as Plaintiffs' Complaint. (Exhibit A, Proposed Complaint ¶¶ 13-37).

As a result of Defendants' insider trading scheme, Citadel Securities suffered losses of approximately $28 million while Defendants made profits of at least $137 million.  (Exhibit A, Proposed Complaint ¶¶ 24-26).   The illicit profits alleged in Citadel Securities' Proposed Complaint overlap with the ill-gotten gains identified in Plaintiffs' Complaint. (Exhibit A, Proposed Complaint ¶ 31); *see also Susquehanna Securities, LLC and Susquehanna Investment Group v. John Does 1 Through 100*, Case No. 2026-cv-05474 (S.D.N.Y.), ECF 1, ¶ 32 (alleging that Defendants "made at least $100 million in total profits from [the insider] trades").   Citadel

2

Securities seeks relief under Section 20A of the Securities Exchange Act of 1934 ("Exchange Act"), which provides a private right of action for plaintiffs that traded contemporaneously with a defendant who was engaged in insider trading.  (Exhibit A, Proposed Complaint ¶¶ 27-33).  Citadel Securities also states a claim for unjust enrichment under New York law, as Defendants profited from their insider trading scheme at Citadel Securities' expense.  These are the same causes of action asserted in Plaintiffs' Complaint.  (Exhibit A, Proposed Complaint ¶¶ 34-37); *see also Susquehanna Securities, LLC and Susquehanna Investment Group v. John Does 1 Through 100*, Case No. 2026-cv-05474 (S.D.N.Y.), ECF 1, ¶¶ 35-45.

Plaintiffs filed their Complaint (ECF 1) on June 29, 2026, along with requests for a Temporary Restraining Order, an Order to Show Cause for a Preliminary Injunction, and Expedited Discovery (ECF 4).  On that same day, the Court granted the request for a temporary restraining order and expedited discovery and scheduled a preliminary junction hearing for July 10, 2026 (ECF 10).  If this Order is granted, Citadel Securities intends to participate in the preliminary injunction hearing.

## ARGUMENT

### I.    CITADEL SECURITIES IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Citadel Securities is entitled to intervention as a matter of right because the disposition of Plaintiffs' Action without Citadel Securities would impair Citadel Securities' rights; Citadel Securities has claims related to the same underlying scheme and the same pool of damages.  Under Rule 24(a)(2), intervention is mandatory where the proposed intervenor "'(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by

the other parties.'" *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). Citadel Securities satisfies each of the elements of intervention as of right.

　　1.　　The Request for Intervention is Timely

In evaluating timeliness, courts consider "'(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'" *Olin Corp.*, 325 F.R.D. at 87 (quoting *Pitney Bowes, Inc.*, 25 F.3d at 70). Here, Citadel Securities undisputably acted quickly, as it is moving to intervene just 3 days after receiving notice of Plaintiffs' action. *Id.* at 88 (intervention timely when motion to intervene "brought a 'few months' after the claims"); *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (intervention was timely where filed "within three months of the filing of the action"). No prejudice would result to Plaintiffs or Defendants (who are John Does) from Citadel Securities' intervention at such an early stage, and Citadel Securities understands from Plaintiffs that they do not oppose Citadel Securities' intervention. *Goldeneye Advisors, LLC v. Hanaco Venture Cap., Ltd.*, 2025 WL 2081553, at *3 (S.D.N.Y. July 24, 2025) (no prejudice to parties where, "significantly, Plaintiff has not opposed the motion to intervene"). By contrast, Citadel Securities would suffer prejudice if intervention is not permitted because, as described further below, it seeks to vindicate its interests and obtain damages with respect to the very same scheme as the one Plaintiffs allege  Finally, no unusual circumstances are present that would weigh against a finding of timeliness. Thus Citadel Securities' request for intervention is timely.

　　2.　　Citadel Securities has an Interest in the Instant Action

Citadel Securities' interest in the instant Action is "direct, substantial, and legally

4

protectable," and thus satisfies this element of the mandatory intervention test. *See, e.g., Payne v. City of New York*, 27 F.4th 792 (2d Cir. 2022). Citadel Securities and Plaintiffs are both options market makers and victims of the same insider trading scheme, with the same legal claims against Defendants. Plaintiffs allege that Defendants "committed illegal insider trading, in violation of 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5, by using material, non-public information ("MNPI") to purchase securities, specifically short-dated FUTU and TIGR put option contracts, in breach of a duty of trust and confidence." (*See* ECF 1 ¶ 37). Similarly, Citadel Securities' Proposed Complaint alleges that Defendants committed illegal insider trading using MNPI to purchase the same short-dated put option contracts for FUTU and TIGR. (*See* Exhibit A, Proposed Complaint ¶¶ 1, 20-29, 39, 40).

Intervenors have a direct interest in an action where their claims "arise[] out of the same transaction and occurrence that is the subject of the instant case." *See Mort. Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 384 (E.D.N.Y. 2003) (citation omitted). Because Citadel Securities and Plaintiffs seek to recover from Defendants based on the same underlying conduct, Citadel Securities has a strong interest in the prosecution and outcome of the instant Action. *See N.J. Carpenters Health Fund v. Residential Cap., LLC*, 2010 WL 5222127, at *4 (S.D.N.Y. Dec. 21, 2010) (describing how "Intervenors' interest will be impaired" because "[a]ny disposition on the merits would inevitably affect their claims since they arise from the same course of conduct and assert the same legal theories as the current plaintiffs.").

3.  Disallowing Intervention Would Impair and Impede Citadel Securities' Ability to Protect Its Interests

Absent intervention, Citadel Securities will be impaired and impeded in its ability to protect its interests. Courts "[are] to view the effect on the intervener's [sic] interest with a practical eye," and such requirement "has been sympathetically applied." *See Olin Corp.*, 325 F.R.D. at 89

5

(quotation marks omitted); *Md. Cas. Co. v. W.R. Grace & Co.*, 1996 WL 34154, at \*2 (S.D.N.Y. Jan. 30, 1996) ("This is an inquiry into the practical disadvantage suffered, and does not require the would-be intervenor to go so far as to show that res judicata principles would affect any later suit they might bring."). Plaintiffs have obtained a temporary restraining order and are seeking a preliminary injunction to freeze funds representing Defendants' ill-gotten gains. Plaintiffs seek to recover damages from these funds (*see* ECF 1 ¶¶ 41, 44, 45). Citadel Securities also seeks to recover damages from this same pool of frozen funds. If Citadel Securities is not permitted to intervene, Citadel Securities will not be able to assert its own interest in this potentially finite source of potential damages. *See, e.g.*, *Willis v. Firestone Bldg. Prods. Co.*, 231 F.R.D. 447, 450 (D. Conn. 2005) (permitting intervention where two parties "d[id] not have identical interests, because each compete[d] for a portion of a fixed recovery amount").

4.      Citadel Securities' Interests Are Not Adequately Protected by Plaintiffs

Although Citadel Securities' claims against Defendants are related to the same illegal insider trading scheme as the one Plaintiffs allege, Plaintiffs are seeking recovery on their own behalf. Plaintiffs cannot adequately represent Citadel Securities' interests because any recovery for Plaintiffs may reduce recovery available to Citadel Securities, and vice versa. Plaintiffs thus lack an incentive to zealously advocate on Citadel Securities' behalf, and Citadel Securities' interests are not adequately protected by Plaintiffs. *See Olin Corp.*, 325 F.R.D. at 89 (citation and internal quotations omitted) ("The burden to demonstrate inadequacy of representation is generally speaking minimal, especially when the proposed intervenor and the existing parties do not have the same ultimate objective or when their interests are not aligned."); *Willis,* 231 F.R.D. at 450 (intervention permitted where each plaintiff competes for a portion of a fixed recovery amount).

## II.   ALTERNATIVELY, PERMISSIVE INTERVENTION IS WARRANTED

While Citadel Securities satisfies each of the requirements for mandatory intervention under Fed. R. Civ. P. 24(a)(2), permissive intervention is also warranted.  Fed. R. Civ. P. 24(b) gives the Court discretion to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Similar to mandatory intervention, courts must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  In granting permission to intervene, a court's discretion "is to be liberally construed." *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006) (citations omitted).

As described above, Citadel Securities has "a claim . . . that shares with the main action a common question of law or fact" because Citadel Securities intends to assert the same legal claims as Plaintiffs assert against the same Defendants based on the same underlying insider trading scheme.  (*See* Exhibit A, Proposed Complaint ¶¶ 35-45).  And as further described above, Citadel Securities' intervention at such an early stage would not prejudice any party, and, to that end, Plaintiffs have represented that they do not oppose Citadel Securities' intervention.

In short, Citadel Securities' claims against Defendants share identical questions of law and nearly identical questions of fact as the claims asserted by Plaintiffs, and the discretionary factors weigh in favor of intervention.  Accordingly, if the Court determines that intervention is not mandatory under Rule 24(a)(2), Citadel Securities should be permitted to intervene under Rule 24(b)(1)(B).

## CONCLUSION

For the foregoing reasons, Citadel Securities respectfully requests that this Court grant its request for intervention in this Action pursuant to Federal Rule of Civil Procedure 24.

Dated: July 2, 2026
New York, New York

SIMPSON THACHER & BARTLETT LLP

_____*/s/ Jonathan K. Youngwood*_____
Lead Trial Counsel Jonathan K. Youngwood
(jyoungwood@stblaw.com)
Michael J. Osnato (michael.osnato@stblaw.com)
Anthony C. Piccirillo (anthony.piccirillo@stblaw.com)
425 Lexington Ave
New York, NY 10017
(212) 455-2000
*Attorneys for Proposed Plaintiff-Intervenor*
*Citadel Securities LLC*

8

## WORD COUNT CERTIFICATION

Jonathan K. Youngwood certifies that this Memorandum of Law complies with the word count limitation under Local Civil Rule 7.1 (c) in that it contains 2,144 words, exclusive of the caption, table of contents, table of authorities and signature block.

Dated: July 2, 2026

/s/ Jonathan K. Youngwood