UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSQUEHANNA SECURITIES, LLC and
SUSQUEHANNA INVESTMENT GROUP,

Plaintiff,

v.

JOHN DOES 1 THROUGH 100,

Defendants.

---

Case No. 26 Civ. 5474

[PROPOSED] STIPULATION AND
ORDER

**[PROPOSED] STIPULATION AND ORDER REGARDING DISSOLUTION OF
TEMPORARY RESTRAINING ORDER AS TO DEFENDANT WENLEI SONG,
ESTABLISHMENT OF ESCROW, AND ENTRY OF LIMITED PRELIMINARY
INJUNCTION**

WHEREAS, on June 29, 2026, Plaintiffs Susquehanna Securities, LLC, and Susquehanna

Investment Group (together, "Susquehanna") filed the Complaint (ECF 1) and moved for a

temporary restraining order and related relief, (ECF 4);

WHEREAS, on June 29, 2026, the Court entered a Temporary Restraining Order and Order

to Show Cause for a Preliminary Injunction (the "TRO"), ECF No. 10, which, among other things,

temporarily restrained and enjoined defendants John Does 1 through 100 from transferring,

encumbering, removing, or otherwise conveying proceeds held in brokerage accounts, including

accounts maintained at TradeUP Securities, Inc. ("TradeUP"), pending a hearing on Plaintiffs'

application for a preliminary injunction;

WHEREAS, the TRO applies to accounts held through TradeUP, including TradeUP

Account No. 55001516 (the "Account"), which is held by, for the benefit of, or under the control

of Defendant Wenlei Song ("Song");

WHEREAS, Song represents that the proceeds allegedly attributable to the Subject Trades entered into by or for the benefit of Song, as pleaded in the Complaint, are less than $1,500,000, and Song shall provide a declaration to Susquehanna by July 9, 2026 in which he swears under the penalty of perjury that these proceeds are the entirety of the proceeds of any and all of the Subject Trades he entered into to, or caused others to enter into for his benefit (the "Declaration"), as a material condition of this stipulation.[1]

WHEREAS, the aggregate value of assets currently restrained by the TRO in the Account substantially exceeds $1,500,000;

WHEREAS, the parties have met and conferred and wish to resolve, on an agreed interim basis and without prejudice to their respective claims, defenses, or legal positions, the scope of the restraints applicable to the Account pending further order of the Court; and

WHEREAS, the parties have agreed to substitute a targeted escrow in lieu of the broader restraint imposed by the TRO as to the Account, in order to preserve the amount in controversy while permitting the release of assets in the Account that exceed the amount at issue relating to the Subject Trades;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Susquehanna and Song, by and through their undersigned counsel, and subject to the approval of the Court, as follows:

**Establishment of Escrow.** Song shall be permitted as of the date of this stipulated order to withdraw $1.5 million worth of assets from the Account in order to cause those funds (the "Escrow Funds") to be deposited into an attorney escrow account maintained by Walden Haran

---

[1] "Subject Trades" is defined as any options contracts involving Futu Holdings Limited ("FUTU") and UP Fintech Holding Ltd ("TIGR") between May 7 and May 21, 2026.

Williams LLP, as escrow agent (the "Escrow Agent"), or such other escrow agent as agreed to by the parties, to be held pending further order of the Court or written agreement of the parties.

**Immediate Ability to Exercise Options and Sell Securities.** Notwithstanding the TRO, Song shall be permitted to immediately exercise any options contracts held in the Account, and to sell any securities in the Account, with the proceeds of any such actions being maintained in the Account until the TRO is dissolved as to Song.

**Eventual Dissolution of TRO as to the Account**: All restraints imposed by the TRO shall be dissolved in their entirety solely as to the Account upon Song's delivery of the Declaration and delivery of the Escrow Funds to the Escrow Agent, provided that Song has complied with all other requirements of this stipulation and order. For the avoidance of doubt, the TRO shall remain in full force and effect as to all other defendants, accounts, and persons subject to that order.

**Source of Escrow Funds.** The Escrow Funds may be funded from the Account or from any other source available to Song, provided that the full amount is timely deposited with the Escrow Agent.

**Instructions to TradeUP.** Upon receipt by TradeUP of written confirmation from Susquehanna that Song has complied with all requirements of this stipulated order—namely, Song's delivery of the Declaration and delivery of the Escrow Funds to the Escrow Agent — TradeUP is authorized and directed to release any restraint imposed solely by reason of the TRO on the Account, subject to the terms of this Order. Susquehanna will provide written confirmation to TradeUP within 24 hours of Song's completion of said requirements.

**No Waiver; Reservation of Rights.** This Stipulation and Order is entered into as an interim arrangement only. By entering into this Stipulation and Order, no party admits any fact, liability, damages, wrongdoing, or entitlement to relief, and each party expressly preserves and

3

does not waive any claims, defenses, objections, arguments, or rights, including with respect to personal jurisdiction, subject matter jurisdiction, service, venue, the merits, the availability or scope of injunctive relief, the amount of any alleged profits, tracing, attachment, or any other issue.

**No Effect on Discovery.** Except as expressly stated herein, nothing in this Order shall limit Susquehanna's rights to pursue the expedited discovery previously authorized by the Court, or Song's rights to object to discovery or to seek appropriate protective relief.

**Counterparts; Electronic Signatures.** This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Signatures transmitted by PDF or other electronic means shall be deemed effective as originals.

| | |
|---|---|
| **FRIEDMAN KAPLAN SEILER & ADELMAN LLP** | **WALDEN HARAN WILLIAMS LLP** |
| By: _____ | By: _____ |
| John N. Orsini (jorsini@fklaw.com) | Barry W. Rashkover (brashkover@whwllp.com) |
| Jared Lenow (jlenow@fklaw.com) | Daniel J. Chirlin (dchirlin@whwllp.com) |
| Carolyn Young (cyoung@fklaw.com) | Deanna M. Paul (dpaul@whwllp.com) |
| 7 Times Square | 250 Vesey Street |
| New York, NY 10036 | New York, NY 10281 |
| (212) 833-1100 | (212) 335-2030 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| *Susquehanna Securities, LLC, and* | *Wenlei Song* |
| *Susquehanna Investment Group* | |

**SO ORDERED.**

Dated: New York, New York
July 9, 2026

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

4