

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

July 10, 2026

<u>**VIA ECF**</u>

Honorable Arun Subramanian, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    *Susquehanna Securities LLC, et al. v. John Does 1*
> *Through 100,* No. 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

This firm represents plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group ("Plaintiffs") in the action captioned above (the "Action"). We write to respond to the questions the Court presented in its Order entered on July 9, 2026 (ECF 34), in advance of the hearing scheduled for today at 2 p.m.

**1.    <u>Whether There Is Any Opposition to the Motion by Citadel Securities to Intervene</u>**

On July 9, 2026, Plaintiffs met and conferred with counsel for proposed Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities"), and counsel for defendant Wenlei Song ("Song"). Counsel for Song confirmed that he does not oppose Citadel Securities' request to intervene in the Action. Plaintiffs also do not oppose Citadel Securities' intervention.

**2.    <u>What Plaintiffs Propose to Address at the Hearing and What Relief They Currently Seek</u>**

Plaintiffs seek entry of a preliminary injunction consistent with the Temporary Restraining Order entered by the Court on June 29, 2026 (*see* ECF 10 (the "TRO")). Should the Court decline to order such injunctive relief at this time, Plaintiffs seek an extension of that TRO to a date in the future that permits Plaintiffs to learn the identity of the defendants in this Action (the "John Doe Defendants") through the third-party discovery the Court authorized in the TRO.

Plaintiffs are actively seeking to learn the identity of the John Doe Defendants, who are individuals who made certain trades (the "Subject Trades," as defined in the Complaint, ECF 1 at ¶22) through brokerages TradeUP Securities, Inc., Interactive Brokers Group, Inc. and Futu Holdings Limited (together, with their affiliates, the "Brokers"). In the TRO, the Court authorized Plaintiffs to serve document subpoenas on the Brokers to learn, *inter alia*, the identity of the John Doe Defendants who executed the Subject Trades through their accounts at the

Hon. Arun Subramanian                    - 2 -                    July 10, 2026

Brokers.  Plaintiffs have served those subpoenas, which are returnable on July 13, 2026 (*see* ECF 8-1, 8-2, 8-3), and have been in active discussion with the Brokers and their counsel regarding this information.  While only Song, and one potential defendant identified to Plaintiffs yesterday by counsel claiming to be in the process of being retained, have identified themselves as John Doe Defendants to this point, Plaintiffs anticipate discovering the identity of some or all of the remaining John Doe Defendants through the Brokers' subpoena responses.

In the meantime, the Court ordered in the TRO that service "via e-mail and FedEx of a copy of this order and the papers upon which it is granted made on the Defendants *and/or the Brokers or their counsel* on or before June 29, 2026, shall be deemed good and sufficient service and notice thereof."  (ECF 10 at 3 (emphasis added).)  As a result of Plaintiffs' service of the TRO on the Brokers on June 29, 2026, Plaintiffs have provided sufficient notice of the TRO and its terms to the remaining unidentified John Doe Defendants.  Courts in this District have ordered such alternative service through similarly situated brokers where the identities of defendants are otherwise unknown.  *See, e.g.*, *SEC v. One or More Unknown Traders in Sec. of Bioverativ, Inc.*, No. 18 CIV. 701(JGK), 2018 WL 2244463, at *3 (S.D.N.Y. Jan. 26, 2018) (permitting service of temporary restraining order and order to show cause through "each of Defendants' brokers," and subsequently granting preliminary injunction (*see SEC v. One or More Unknown Traders in Sec. of Bioverativ, Inc.*, No. 18 Civ. 00701 (JGK), 2018 WL 2244465 (S.D.N.Y. Feb. 9, 2018)).  If any such John Doe Defendant objected to the TRO, he or she could have (like Song) raised that objection with the Court or with Plaintiffs.  None has done so.

Accordingly, at today's hearing, Plaintiffs seek an order issuing a preliminary injunction enjoining the John Doe Defendants and all those in active concert or participation with them or having knowledge of the causes of action, including the Brokers, from transferring, encumbering, removing or otherwise conveying proceeds earned from the Subject Trades held in accounts with the Brokers—consistent with the TRO—during the pendency of the Action.  Once Plaintiffs receive discovery responses from the Brokers, Plaintiffs will amend the Complaint in due course, name the John Doe Defendants who have been identified by such discovery as defendants in an amended complaint, and then seek to serve each such defendant with the amended complaint.  Plaintiffs respectfully request that the Court enter the requested preliminary injunction now despite Plaintiffs' inability to identify additional John Doe Defendants through no fault of their own.

In the alternative, Plaintiffs respectfully request that the Court extend the TRO until at least July 31, 2026, to provide Plaintiffs with the opportunity to learn the identity of additional John Doe Defendants through the discovery process already so ordered, and then seek the preliminary injunction that is the subject of the current application.

Absent such relief (in either alternative), if the TRO is vacated and no preliminary injunction is issued now as to the remaining unidentified John Doe Defendants, Plaintiffs will suffer irreparable harm as there is a risk that these John Doe Defendants will dissipate the illicit proceeds to foreign accounts before the conclusion of this Action.  (*See* ECF 5 at 11-13.)

Hon. Arun Subramanian                        - 3 -                        July 10, 2026


          There are no other outstanding issues that Plaintiffs wish to address at the hearing set for this afternoon.

                              Respectfully submitted,

                              */s/ John N. Orsini*

                              John N. Orsini


cc:    All counsel of record (*by ECF*)