

**FRIEDMAN KAPLAN**

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

July 23, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    *Susquehanna Securities LLC, et al. v. John Does 1 Through 100,* No. 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

        This firm represents plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group ("Susquehanna") in the action captioned above (the "Action").  We write jointly with Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") to (a) update the Court on Plaintiffs' efforts to identify individual accountholders affected by the TRO entered by the Court on June 29, 2026 (ECF 10 (the "TRO Order")), and to serve them with the relevant filings as set forth in the TRO Order; and (b) respectfully request that the Court extend the TRO and set a schedule for any such account holders to lodge an objection to Plaintiffs' application for a preliminary injunction.

**Status of Third-Party Discovery and Service**

        On June 29, 2026, Susquehanna served on brokerages TradeUP Securities, Inc. ("TradeUP"), Interactive Brokers Group, Inc. ("Interactive Brokers") or Futu Holdings Limited ("Futu") (collectively, the "Brokers") the subpoenas the Court authorized in the TRO Order (*see* ECF 11).  Susquehanna also served identical subpoenas on Interactive Brokers LLC (on July 7) and Futu Clearing Inc. ("Futu Clearing") (on July 20), after learning from Interactive Brokers and Futu, respectively, that those affiliated entities were in possession and control of certain of the information sought by the subpoenas.

        Since that time, Susquehanna has been in dialogue with each of the Brokers, and Plaintiffs have made significant progress identifying the relevant account holders and serving them with the filings relevant to the TRO and preliminary injunction.[1]  As of this date, Plaintiffs

---

[1] Specifically, the package of materials Plaintiffs have served on affected account holders consists of the TRO Order (ECF 10), the Court's order dated July 10, 2026, granting Citadel Securities' Motion to Intervene and Extending the Temporary Restraining Order (ECF 40); Susquehanna's Complaint (ECF 1); Susquehanna's Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction or Attachment in the Alternative, and Ex Parte Motion for Expedited Discovery (ECF 5); the Declarations

Hon. Arun Subramanian                    - 2 -                    July 23, 2026

have effectuated service of the Service Package by email and FedEx (as permitted by the TRO Order) on over 280 account holders whose identifying information was produced by Interactive Brokers[2] and TradeUP.  Today, Plaintiffs will be ready to file their certificate of service, and will seek the Court's permission to file under seal an unredacted copy of an exhibit listing all accountholders whom we have served.

In the late evening of July 22, we received from Futu Clearing identifying information for approximately 30 account holders, whom we are in the process of serving with the Service Package today (Plaintiffs will file a corresponding certificate of service as soon as service is complete). We are in ongoing discussions with counsel for Futu regarding the potential disclosure of additional account holders whose data is housed overseas.

**Communications and Stipulations with Individual Account Holders**

As the Court is aware, Plaintiffs have reached agreement by stipulation with two Defendants as to the extension of the TRO, and have made varying degrees of progress negotiating a stipulated preliminary injunction with respect to certain Defendants.[3]  We will continue to update the Court as those discussions progress.

In addition, Plaintiffs have been contacted by various individual account holders who are providing information about their trading, and requesting that the restraint be lifted from their accounts.  Plaintiffs have begun evaluating this information on a case-by-case basis to determine whether to voluntarily lift the restraint in the TRO with respect to any such account holder.

**Proposed Extension of the TRO and PR Schedule**

In light of the status as described above, Plaintiffs respectfully request the following schedule be So Ordered with respect to all accountholders with whom Plaintiffs have not already negotiated an alternative schedule:

---

of Nathanael Wickman, Brian Sopinsky and John N. Orsini, with attachments, in Support of Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction and Granting Plaintiffs' Ex Parte Motion for Expedited Discovery (ECF 6, 7, 8); Citadel Securities' Complaint (ECF 13-1); Citadel Securities' Order to Show Cause for Intervention (ECF 27); and Citadel Securities' Notice of Joinder (ECF 41) (collectively, the "Service Package").

[2] A declaration previously submitted in connection with Susquehanna's motion for expedited discovery (ECF 7) stated that counsel at Interactive Brokers informed Susquehanna there were nine accounts on the opposite side of the Subject Trades.  However, Plaintiffs received records from Interactive Brokers indicating that, while our preliminary analysis shows that over $80 million of the estimated profits from the Subject Trades at Interactive Brokers are attributable to eight traders, approximately 284 Interactive Brokers accounts in total were involved in the Subject Trades.  Accordingly we wish to clarify that the nine accounts identified by Interactive Brokers referred only to a subset of the Subject Trades, not the entire universe of accounts with Interactive Brokers on the opposite side of all Subject Trades.

[3] *See* ECF 35 (stipulation and order regarding defendant Wenlei Song); ECF 52 (order granting extension on consent with respect to defendant New Frontier Investment Management Limited).

Hon. Arun Subramanian                    - 3 -                      July 23, 2026

- The TRO now in place be extended to August 14, 2026;

- Any opposition to Plaintiffs' application for a preliminary injunction as set forth in ECF 4-9, 10 be due July 30, 2026; and

- Plaintiffs' reply to any opposition due August 6, 2026

In addition, if the Court wishes to hold a hearing on Plaintiffs' application for the preliminary injunction, we respectfully request that such hearing be held at one of the following times, when counsel for Plaintiffs are available, if convenient for the Court:

- August 11, at or after 2pm, or

- August 14 at any time.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ John N. Orsini*

John N. Orsini

cc:    All counsel of record (*by ECF*)