

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

July 24, 2026

**VIA ECF**

Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Susquehanna Securities LLC, et al. v. John Does 1 Through 100,* No. 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

This firm represents plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group ("Susquehanna") in the above-captioned action (the "Action").  We write jointly with Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") with respect to three different matters.  First, Plaintiffs request leave to file Exhibit A of the Certificate of Service, attached herewith, under seal.  Second, Plaintiffs seek guidance from the Court on Plaintiffs' service obligations with respect to subsequent orders relating to the Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction and Granting Plaintiffs' *Ex Parte* Motion for Expedited Discovery (ECF 10) (the "TRO").  Third, Plaintiffs request that the Court extend the deadline for New Frontier Investment Management Limited ("New Frontier") to oppose the preliminary injunction to July 30, 2026 and the deadline for Plaintiffs to file replies to August 6, 2026 to align with the schedule for all other account holders.

I.   **Request to Seal Exhibit A of Plaintiffs' Certificate of Service**

For the same reasons stated in Plaintiffs' previous letter motion seeking leave to file an exhibit to Plaintiffs' Certificate of Service under seal, which the Court So Ordered today (*see* ECF 61), Plaintiffs seek an order sealing Exhibit A to their Certificate of Service dated today, which covers service of the TRO and the papers on which it was granted on additional account holders identified to Plaintiffs by Futu Clearing Inc. ("Futu Clearing").[1] In short, the information contained in Exhibit A should be sealed because it was produced on a "Confidential" basis by Futu Clearing and includes personally identifying and financial

---

[1] Exhibit A of the July 23, 2026 Certificate of Service (ECF 56) and Exhibit A of the July 24, 2026 Certificate of Service (filed herewith) together constitute the full list of individuals and entities identified as engaging in the Subject Trades identified by the Brokers, as well as individuals affiliated with Futu Holdings Limited that reached out to Plaintiffs directly.

Friedman Kaplan Seiler Adelman & Robbins LLP  7 Times Square, New York, NY 10036-6516       4932-8782-0992.3

Hon. Arun Subramanian                - 2 -                    July 24, 2026

information, including full names, home addresses, email addresses, and brokerage account numbers for individuals identified as making the Subject Trades.[2]

### II.        Service of the July 23, 2026 Memo Endorsement

Plaintiffs have now served the TRO, together with the papers on which it was granted, on every individual and entity account holder that has been identified as having engaged in the Subject Trades and thus affected by the TRO.  Plaintiffs effected service of these papers by email and FedEx to the addresses produced by the relevant brokerages, as required by the TRO.  Accordingly, every account holder affected is on notice of the TRO.

Today, Plaintiffs further served the Court's So-Ordered amended schedule extending the TRO and setting new deadlines for opposition and reply with respect to Plaintiffs' application for a preliminary injunction (ECF 57) by email on the individuals and entities identified in the sealed exhibits.  Plaintiffs are of the view that, because these account holders are all now on notice of the TRO and the application for the preliminary injunction, Plaintiffs should not have to go through the onerous process of re-serving each of the 300+ account holders by FedEx each time the Court enters a subsequent order related to this issue, so long as they are all served by email.  However, in an abundance of caution, Plaintiffs seek the Court's guidance as to whether such service by FedEx remains necessary at this time.[3]

### III.       Request for an Extension of New Frontier's Deadline to Oppose Preliminary Injunction to Align with This Court's So-Ordered Schedule

By orders dated July 16, 2026 (ECF 47) and July 21, 2026 (ECF 52), the Court extended the deadline for New Frontier to oppose Plaintiffs' motion for a preliminary injunction to July 27, 2026, and New Frontier consented to the extension of the TRO through August 7, 2026.  Yesterday, the Court granted Plaintiffs' proposed briefing schedule "with respect to all account holders with whom Plaintiffs have not already negotiated an alternative schedule," extending the TRO until August 14, 2026, and setting a deadline of July 30, 2026 for any opposition to Plaintiffs' application for a preliminary injunction, and August 6, 2026 as the deadline for Plaintiffs to reply (ECF 57).  As stated in Plaintiffs' letter seeking this extension (ECF 54), Plaintiffs negotiated an alternative schedule with two account holders: (1) Wenlei Song and (2) New Frontier.  Plaintiffs have now reached agreement as to the application of the preliminary injunction as to Song, leaving only New Frontier on a schedule different than all remaining account holders.

Plaintiffs believe it would be beneficial and most efficient for the Court and the parties to have New Frontier be on the same schedule as all other account holders, and

---

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the TRO and the Complaint (ECF 1).

[3] For the avoidance of doubt, this request does not pertain to, and Plaintiffs do not seek any relief concerning, service of process at such time that Plaintiffs file and serve their amended complaint and name specific defendants.

Hon. Arun Subramanian                - 3 -                July 24, 2026

New Frontier, with whose counsel we consulted, agrees.[4]  Accordingly, with the consent of New Frontier, Plaintiffs request that New Frontier's deadline to oppose the motion for a preliminary injunction be extended to July 30, 2026, Plaintiffs' deadline to reply to any such opposition be extended to August 6, 2026, and that the TRO be extended as to New Frontier until August 14, 2026 (the date of the preliminary injunction hearing).

   We thank the Court for its time and remain available to provide any further information the Court may wish to receive.

Respectfully submitted,

*/s/ John N. Orsini*

John N. Orsini

cc: All counsel of record (*by ECF*)

---

[4] New Frontier takes no position on Section I and Section II of this letter.