

REID & WISE LLC

ATTORNEYS AND COUNSELORS AT LAW

Zheng Gao
Email: zgao@reidwise.com

---

**New York Office:**
One Penn Plaza. Suite 2015
New York, NY 10119
Phone: +1 (212) 858-9968
www.reidwise.com

**Los Angeles Office:**
U.S. Bank Tower
633 W 5th Street 26th Floor
Los Angeles, CA 90071
Phone: +1 (213) 223-2328

**Shanghai Office:**
CITIC Square, 18th Floor
1168 W. Nanjing Rd., Jing'an Dist.
Shanghai, China 200041
Phone: +86 400-006-9556

July 30, 2026

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:    *Susquehanna Securities, LLC, et al. v. John Does 1 Through 100*, No. 1:26-cv-05474-AS
       Request for Extension of Opposition Deadline

Dear Judge Subramanian:

We represent Weixian Wang, whose Interactive Brokers account is affected by the TRO, and respectfully request an extension of his July 30, 2026 deadline to oppose Plaintiffs' application for a preliminary injunction concerning his account.

Mr. Wang retained our firm on July 28, 2026. We promptly contacted Plaintiffs and requested that the deadline be extended or held in abeyance while Plaintiffs evaluate Mr. Wang's request for release of his account and confirmation that they do not intend to pursue claims against him. A copy of that correspondence is attached as Exhibit A. As of this filing, Plaintiffs have not responded.

Mr. Wang is an individual retail investor who purchased only seven FUTU put-option contracts through Interactive Brokers, consistent in size and character with his ordinary practice of making small, speculative options trades, and realized approximately **$14,677** in net profit after commissions. His Interactive Brokers account currently contains approximately **$5,500**, which remains restrained pursuant to the TRO.

Good cause exists for the requested extension. The complaints allege that the Doe Defendants participated in a coordinated insider-trading scheme. Yet Plaintiffs' *ex parte* application and the resulting TRO initially swept far more broadly, reaching account holders who purchased short-dated FUTU or TIGR put options through the identified brokers between May 7 and May 21, 2026, without any individualized determination that each such account holder had participated in the alleged scheme. Plaintiffs' own later filings illustrate the breadth of that initial restraint: they report that approximately 284 Interactive Brokers accounts were involved in the

1

REID & WISE LLC
ATTORNEYS AND COUNSELORS AT LAW

Zheng Gao
Email: zgao@reidwise.com

"Subject Trades," while more than $80 million of the estimated profits was attributable to only eight traders (ECF Doc. 54).

Plaintiffs' July 23 filings further indicate that they are evaluating affected account holders individually and may not intend to pursue every person whose account was initially restrained. Plaintiffs state that various individual account holders have provided information concerning their trading and requested release of their accounts, and that Plaintiffs are evaluating those requests on a case-by-case basis to determine whether voluntarily to lift the restraint (ECF Doc. 54). Plaintiffs also acknowledged that the individuals and entities served with the TRO materials had not yet been named as defendants because no amended complaint had been filed (ECF Doc. 55).

It is therefore presently unclear whether Mr. Wang is one of the Doe Defendants whom Plaintiffs intend to accuse of participating in insider trading and against whom they will seek preliminary-injunctive relief, or merely an affected individual account holder whose account will be released following Plaintiffs' individualized review. Immediately upon being retained, we contacted Plaintiffs' counsel seeking clarification, but have not yet received a response (see Exhibit A). Requiring Mr. Wang to prepare a full opposition before Plaintiffs clarify their position would impose substantial and potentially unnecessary expense.

Mr. Wang therefore respectfully requests that his opposition deadline be extended until seven days after Plaintiffs confirm that they intend to pursue preliminary-injunctive relief against him. This is Mr. Wang's first request for an extension. Although the Court's Individual Practices generally require extension requests to be made at least two business days before the applicable deadline, compliance was not possible here because Mr. Wang did not retain our firm until July 28, 2026. The preliminary-injunction hearing is presently scheduled for August 14, 2026.

Respectfully submitted,

Zheng Gao

2