# EXHIBIT A

◯ **Outlook**

---

## Re: Request to Release Account and Confirm Non-Pursuit of Claims against Weixian Wang | FRE 408 | Susquehanna Securities LLC, et al. v. John Does 1 Through 100, Case No. 1:26-CV-05474 (AS) (S.D.N.Y.)

---

**From** Zheng Gao <zgao@reidwise.com>

**Date** Wed 7/29/2026 2:00 PM

**To** jorsini@fklaw.com <jorsini@fklaw.com>; jlenow@fklaw.com <jlenow@fklaw.com>; Carolyn Young <cyoung@fklaw.com>; Jonathan K. Youngwood <jyoungwood@stblaw.com>; Michael J. Osnato <michael.osnato@stblaw.com>; Anthony C. Piccirillo <anthony.piccirillo@stblaw.com>

**Cc** Matthew Sava <sava@reidwise.com>; Shiyong Ye <sye@reidwise.com>; Siyao Lin <slin@reidwise.com>

Counsel:

Because the opposition deadline set forth in ECF No. 57 is tomorrow, please confirm as soon as possible, and no later than the end of today, whether Plaintiffs consent to extending the deadline as to my client, Mr. Weixian Wang, or agree that it will be held in abeyance while Plaintiffs evaluate our request.

In ECF No. 57, Plaintiffs distinguished between affected "individual account holders" and "Defendants." It therefore appears that Plaintiffs recognize that not all persons who purchased FUTU or TIGR put options between May 7 and May 21 are necessarily Doe defendants alleged to have participated in insider trading whom Plaintiffs intend to pursue. Plaintiffs further represented to the Court that they are evaluating requests for release from individual account holders on a case-by-case basis. It is therefore presently unclear whether Plaintiffs regard my client as a defendant against whom they intend to pursue claims and preliminary-injunctive relief, or as an affected individual account holder whom Plaintiffs do not intend to sue and whose account they will release.

Regards,

Zheng (James) Gao, Esq.

Rated as a Rising Star 2018-2025 by Super Lawyers.

REID & WISE, LLC
One Penn Plaza, Suite 2015
New York, NY 10119
C: +1 (929) 400-3331
T: +1 (212) 858-9968
F: +1 (518) 821-8972
www.reidwise.com

Reid & Wise is proud to be ranked in the Chambers New York Spotlight Guide for 2025.

---

**From:** Zheng Gao <zgao@reidwise.com>
**Sent:** Tuesday, July 28, 2026 3:12 PM
**To:** jorsini@fklaw.com <jorsini@fklaw.com>; jlenow@fklaw.com <jlenow@fklaw.com>; Carolyn Young <cyoung@fklaw.com>; Jonathan K. Youngwood <jyoungwood@stblaw.com>; Michael J. Osnato <michael.osnato@stblaw.com>; Anthony C. Piccirillo <anthony.piccirillo@stblaw.com>
**Cc:** Matthew Sava <sava@reidwise.com>; Shiyong Ye <sye@reidwise.com>
**Subject:** Request to Release Account and Confirm Non-Pursuit of Claims against Weixian Wang | FRE 408 | Susquehanna Securities LLC, et al. v. John Does 1 Through 100, Case No. 1:26-CV-05474 (AS) (S.D.N.Y.)

Counsel:

Our firm was engaged by Weixian Wang today in connection with *Susquehanna Securities, LLC, et al. v. John Does 1 Through 100*, Case No. 1:26-cv-05474-AS. Please direct all further communications concerning Mr. Wang to us.

Although we are still reviewing the docket and investigating the relevant facts, the present record raises serious concerns regarding Plaintiffs' treatment of Mr. Wang. Plaintiffs appear to infer insider trading principally from the timing, volume, and profitability of the challenged trades, while asserting that there is no plausible explanation for those trades other than the use of material nonpublic information. That inference is not warranted as to Mr. Wang.

Mr. Wang is an individual retail investor. As reflected in the attached account summary, through his Interactive Brokers account U17805057, he purchased a total of only seven FUTU put-option contracts and realized approximately $14,677 in net profit after commissions. His account history reflects frequent, small-scale, speculative options trading in numerous unrelated securities, including both calls and puts. His FUTU trades were consistent in size and character with that broader retail trading activity and were not an institutionally sized position.

Mr. Wang has no relationship with the CSRC, Futu Holdings, UP Fintech, or any other person known by him to possess confidential regulatory information. He did not coordinate his FUTU trades with any other trader. He did not knowingly trade on material nonpublic information and had no reason to believe that any information available to him originated from a confidential source or had been disclosed in breach of any duty.

Plaintiffs' July 23 letter states that approximately 284 Interactive Brokers accounts participated in the subject trades, while only eight traders accounted for more than $80 million in estimated profits. Mr. Wang's seven-contract retail position is plainly different from the concentrated, large-volume trading that appears to have driven Plaintiffs' allegations. Plaintiffs cannot infer wrongdoing merely because a retail investor made a profitable trade on which Plaintiffs incurred losses. Plaintiffs should focus their investigation and claims on the small number of large traders whose extraordinary positions and profits form the basis of their allegations, rather than maintaining a blanket restraint against a small retail investor without individualized evidence of wrongdoing.

In these circumstances, we request that Plaintiffs Susquehanna and Plaintiff-Intervenor Citadel Securities agree to:

1. **release all restraints on Mr. Wang's Interactive Brokers account U17805057;** and
2. **dismiss any claims asserted against Mr. Wang or confirm that Plaintiffs do not regard Mr. Wang as a defendant and will not pursue claims or preliminary-injunctive relief against him.**

Because we were retained only today, July 28, Mr. Wang also requests an extension of his July 30 opposition deadline. Please confirm whether Plaintiffs will consent to an extension and corresponding adjustments to the remaining briefing schedule.

Please confirm Plaintiffs' position promptly.


Regards,

Zheng (James) Gao, Esq.

Rated as a Rising Star 2018-2025 by Super Lawyers.

REID & WISE, LLC
One Penn Plaza, Suite 2015
New York, NY 10119
C: +1 (929) 400-3331
T: +1 (212) 858-9968
F: +1 (518) 821-8972
www.reidwise.com

Reid & Wise is proud to be ranked in the Chambers New York Spotlight Guide for 2025.

---

**From:** Young, Carolyn <cyoung@fklaw.com>
**Sent:** Friday, July 24, 2026 18:11
**To:** Young, Carolyn <cyoung@fklaw.com>
**Subject:** RE: Susquehanna Securities LLC, et al. v. John Does 1 Through 100, Case No. 1:26-CV-05474 (AS) (S.D.N.Y.)

*RE: Susquehanna Securities LLC, et al. v. John Does 1 Through 100*, **Case No. 1:26-CV-05474 (AS) (S.D.N.Y.)**

The counsel listed below represent plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group (together, "Susquehanna"), and Plaintiff-Intervenor Citadel Securities, LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs"), respectively, in the action captioned above (the "Action").

The Court in the Action issued an order setting forth amended deadlines relating to Plaintiffs' application for a preliminary injunction. That order is attached, and extends the temporary restraining order until August 14, 2026.  Any opposition to Plaintiffs' application for a preliminary injunction is now due July 30, 2026.

John N. Orsini (jorsini@fklaw.com)
Jared Lenow (jlenow@fklaw.com)
Carolyn Young (cyoung@fklaw.com)
7 Times Square
New York, NY 10036-6516
(212) 833-1100
***Attorneys for Plaintiffs Susquehanna Securities, LLC and Susquehanna Investment Group***

Jonathan K. Youngwood (jyoungwood@stblaw.com)
Michael J. Osnato (michael.osnato@stblaw.com)
Anthony C. Piccirillo (anthony.piccirillo@stblaw.com)
425 Lexington Ave
New York, NY 10017
(212) 455-2000
***Attorneys for Plaintiff-Intervenor Citadel Securities LLC***

**Carolyn Young**



**Friedman Kaplan Seiler Adelman & Robbins LLP**
7 Times Square
New York, NY 10036-6516
cyoung@fklaw.com
212.833.1191
**fklaw.com**

This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments.