UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1 THROUGH 100,<br><br>Defendants. | Case No. 26 Civ. 5474<br><br>**[PROPOSED] STIPULATION AND ORDER** |

## **[PROPOSED] STIPULATION AND ORDER REGARDING DISSOLUTION OF TEMPORARY RESTRAINING ORDER AS TO DEFENDANT YANG JINGYAO AND ENTRY OF LIMITED PRELIMINARY INJUNCTION**

WHEREAS, on June 29, 2026, Plaintiffs Susquehanna Securities, LLC, and Susquehanna Investment Group (together, "Susquehanna") filed the Complaint (ECF 1) and moved for a temporary restraining order, preliminary injunction, and related relief (ECF 4);

WHEREAS, on June 29, 2026, the Court entered a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (the "TRO") (ECF 10) which, among other things, temporarily restrained and enjoined defendants John Does 1 through 100 from transferring, encumbering, removing, or otherwise conveying proceeds held in brokerage accounts pending a hearing on Plaintiffs' application for a preliminary injunction;

WHEREAS, on July 2, 2026, Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") filed an Order to Show Cause seeking leave to intervene in this action; by order dated July 10, 2026, the Court granted Citadel Securities' request to intervene; and Citadel Securities thereafter joined in the pending motion for a preliminary injunction;

4918-2686-9956.1
1049970.2

WHEREAS, the TRO applies to accounts held through Futu Holdings Limited, including Futu Account No. ***********59382 (the "Margin Account"), which is held by, for the benefit of, or under the control of defendant Yang Jingyao ("Mr. Yang");

WHEREAS, Mr. Yang also holds Futu Account No. ***********67026 (the "Cash Account"), which is held by and for Mr. Yang;

WHEREAS, Mr. Yang represents that the proceeds allegedly attributable to the Subject Trades (as they are defined in the Complaint (ECF No. 1)), entered into by or for the benefit of Mr. Yang, as pleaded in the Complaint, are less than $2,500,000.00, and Mr. Yang has provided a declaration to Plaintiffs in which Mr. Yang swears under the penalty of perjury that these proceeds are the entirety of the proceeds of any and all of the Subject Trades he entered into, or caused others to enter into for his benefit (the "Declaration"), as a material condition of this stipulation.

WHEREAS, the aggregate value of assets currently restrained by the TRO in the Margin Account exceeds $2,500,000.00;

WHEREAS, the parties have met and conferred and wish to resolve, on an agreed interim basis and without prejudice to their respective claims, defenses, or legal positions, the scope of the restraints and preliminary injunction applicable to Mr. Yang pending further order of the Court; and

WHEREAS, the parties have agreed that the TRO should be implemented as to Mr. Yang only in the amount of $2,500,000.00 and not as a broader restraint of the entire Margin Account in order to preserve the amount in controversy while permitting the release of assets in the Account that exceed the amount at issue relating to the Subject Trades;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Mr. Yang, by and through their undersigned counsel, and subject to the approval of

2

the Court, as follows:

**Partial Freeze.** The funds in the Margin Account shall be released from the TRO with the exception of $2,500,000.00 (the "Partial Freeze"), which represents an amount in excess of the proceeds allegedly attributable to the Subject Trades entered into by or for the benefit of Mr. Yang, as pleaded in the Complaint, or in the alternative to restraining $2,500,000.00 in the Margin Account, upon agreement by Plaintiffs, Mr. Yang, and Futu, the amount of the Partial Freeze may be restrained in the Cash Account.

**Eventual Dissolution of TRO as to the Account.** All restraints imposed by the TRO with the exception of the Partial Freeze shall be dissolved in their entirety solely as to the Margin Account—and to the extent the Partial Freeze is implemented as to the Cash Account instead, all restraints without limitation shall be dissolved with regards to the Margin Account—provided that Mr. Yang has complied with all other requirements of this stipulation and order. For the avoidance of doubt, the TRO shall remain in full force and effect as to all other defendants, accounts, and persons subject to that order.

**Withdrawal of Objection to Preliminary Injunction.** Mr. Yang does not object to the entry of a limited preliminary injunction as to him to the extent of the Partial Freeze, and hereby withdraws his Response in Opposition to Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction, previously submitted at ECF Nos. 58 and 59.

**Instructions to Futu.** Upon receipt by Futu of written confirmation from Plaintiffs that Mr. Yang has complied with all requirements of this stipulated order, Futu is authorized and directed to release the restraints on the Margin Account minus the monies subject to the Partial Freeze imposed solely by reason of the TRO on the Account, subject to the terms of this Order,

3

or, in the alternative, to restrain the Partial Freeze in the Cash Account, upon agreement of Plaintiffs, Mr. Yang, and Futu.

**No Waiver; Reservation of Rights.** This Stipulation and Order is entered into as an interim arrangement only. By entering into this Stipulation and Order, no party admits any fact, liability, damages, wrongdoing, or entitlement to relief, and each party expressly preserves and does not waive any claims, defenses, objections, arguments, or rights, including with respect to personal jurisdiction, subject matter jurisdiction, service, venue, the merits, the availability or scope of injunctive relief, the amount of any alleged profits, tracing, attachment, or any other issue.

**Counterparts; Electronic Signatures.** This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Signatures transmitted by PDF or other electronic means shall be deemed effective as originals.

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**

By: */s/ John N. Orsini*
John N. Orsini (jorsini@fklaw.com)
Jared Lenow (jlenow@fklaw.com)
Carolyn Young (cyoung@fklaw.com)
7 Times Square
New York, NY 10036
(212) 833-1100

*Attorneys for Plaintiffs*
*Susquehanna Securities, LLC, and*
*Susquehanna Investment Group*

**SIMPSON THACHER & BARTLETT LLP**
By: */s/ Jonathan K. Youngwood*
Jonathan K. Youngwood (jyoungwood@stblaw.com)

**DTO LAW**

By:
Katherine Burghardt Kramer
Hannah L. Miller
DTO LAW
307 5th Avenue, 12th Floor
New York, New York 10016
Telephone: (646) 995-5400
Facsimile: (213) 335-7802
Email: kkramer@dtolaw.com
Email: hmiller@dtolaw.com

*Attorneys for Defendant*
*Yang Jingyao*

**COPARITY LAW LLP**

Michael J. Osnato (michael.osnato@stblaw.com)
Anthony C. Piccirillo (anthony.piccirillo@stblaw.com)
425 Lexington Ave
New York, NY 10017
(212) 455-2000
*Attorneys for Plaintiff-Intervenor Citadel Securities LLC*

Longhao Wang (pro hac vice)
418 Broadway #11509
Albany, NY 12207
Telephone: (718)200-9474
Email: Iwang@coparitylaw.com

*Attorney for Defendant Yang Jingyao*

## <u>ATTESTATION</u>

Pursuant to SDNY Electronic Case Filing Rule 8.5, the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Katherine Burghardt Kramer*
Katherine Burghardt Kramer

5

4918-2686-9956.1
1049970.2

**SO ORDERED.**

Dated: New York, New York
August 11, 2026

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

6