UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES 1 THROUGH 100, <br><br> Defendants. | Case No. 26 Civ. 5474 <br><br> [~~PROPOSED~~] STIPULATION AND ORDER |

**[~~PROPOSED~~] STIPULATION AND ORDER REGARDING DISSOLUTION OF TEMPORARY RESTRAINING ORDER AS TO DEFENDANT NEW FRONTIER INVESTMENT MANAGEMENT LIMITED AND ENTRY OF LIMITED PRELIMINARY INJUNCTION**

WHEREAS, on June 29, 2026, Plaintiffs Susquehanna Securities, LLC, and Susquehanna Investment Group (together, "Susquehanna") filed the Complaint (ECF 1) and moved for a temporary restraining order and related relief (ECF 4);

WHEREAS, on June 29, 2026, the Court entered a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (the "TRO") (ECF 10) which, among other things, temporarily restrained and enjoined defendants John Does 1 through 100 from transferring, encumbering, removing, or otherwise conveying proceeds held in brokerage accounts, including accounts maintained at TradeUP Securities, Inc. ("TradeUP"), pending a hearing on Plaintiffs' application for a preliminary injunction;

WHEREAS, on July 2, 2026, Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") filed an Order to Show Cause seeking leave to intervene in this action; by order dated July 10, 2026, the Court granted Citadel Securities'

request to intervene; and Citadel Securities thereafter joined in the pending motion for a preliminary injunction;

WHEREAS, the TRO applies to accounts held through TradeUP, including TradeUP Account No. ****0090 (the "Account"), which is held by, for the benefit of, or under the control of Defendant New Frontier Investment Management Limited ("New Frontier");

WHEREAS, New Frontier represents that the proceeds allegedly attributable to the Subject Trades (as this term is defined in the Complaint (ECF No. 1)) entered into by or for the benefit of New Frontier, as pleaded in the Complaint, are less than $2,780,500.00, and New Frontier shall provide a declaration to Plaintiffs by August 10, 2026 in which an authorized person swears under the penalty of perjury that these proceeds are the entirety of the proceeds of any and all of the Subject Trades it entered into to, or caused others to enter into for its benefit (the "Declaration"), as a material condition of this stipulation.

WHEREAS, the aggregate value of assets currently restrained by the TRO in the Account exceeds $2,780,500.00;

WHEREAS, the parties have met and conferred and wish to resolve, on an agreed interim basis and without prejudice to their respective claims, defenses, or legal positions, the scope of the restraints applicable to the Account pending further order of the Court; and

WHEREAS, the parties have agreed to substitute a freeze with respect to the proceeds allegedly attributable to the Subject Trades (that is, $2,780,500) in lieu of a broader restraint of the entire Account imposed by the TRO as to the Account, in order to preserve the amount in controversy while permitting the release of assets in the Account that exceed the amount at issue relating to the Subject Trades;

4908-0827-6162.4

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and New Frontier, by and through their undersigned counsel, and subject to the approval of the Court, as follows:

**Partial Freeze.** The funds in the Account shall be released from the TRO with the exception of $2,780,500.00 (the "Partial Freeze"), which represents an amount in excess of the proceeds allegedly attributable to the Subject Trades entered into by or for the benefit of New Frontier, as pleaded in the Complaint.

**Eventual Dissolution of TRO as to the Account.** All restraints imposed by the TRO with the exception of the Partial Freeze shall be dissolved in their entirety solely as to the Account upon New Frontier's delivery of the Declaration, provided that New Frontier has complied with all other requirements of this stipulation and order. For the avoidance of doubt, the TRO shall remain in full force and effect as to all other defendants, accounts, and persons subject to that order. New Frontier does not object to the entry of a limited preliminary injunction to the extent of the Partial Freeze.

**Instructions to TradeUP.** Upon receipt by TradeUP of written confirmation from Plaintiffs that New Frontier has complied with all requirements of this stipulated order—namely, New Frontier's delivery of the Declaration—TradeUP is authorized and directed to release the restraints on the Account minus the monies subject to the Partial Freeze imposed solely by reason of the TRO on the Account, subject to the terms of this Order. Plaintiffs will provide written confirmation to TradeUP, copying New Frontier's counsel, within 24 hours of New Frontier's completion of said requirements.

**No Waiver; Reservation of Rights.** This Stipulation and Order is entered into as an interim arrangement only. By entering into this Stipulation and Order, no party admits any fact,

4908-0827-6162.4

liability, damages, wrongdoing, or entitlement to relief, and each party expressly preserves and does not waive any claims, defenses, objections, arguments, or rights, including (without limitation) with respect to personal jurisdiction, subject matter jurisdiction, service, venue, the merits, the availability or scope of injunctive relief, the amount of any alleged profits, tracing, attachment, or any other issue.

**No Effect on Discovery.** Except as expressly stated herein, nothing in this Order shall limit Plaintiffs' rights to pursue the expedited discovery previously authorized by the Court, or New Frontier's rights to object to discovery or to seek appropriate protective relief.

**Counterparts; Electronic Signatures.** This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Signatures transmitted by PDF or other electronic means shall be deemed effective as originals.

4908-0827-6162.4

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**

By:    */s/ John N. Orsini*
John N. Orsini (jorsini@fklaw.com)
Jared Lenow (jlenow@fklaw.com)
Carolyn Young (cyoung@fklaw.com)
7 Times Square
New York, NY 10036
(212) 833-1100

*Attorneys for Plaintiffs*
*Susquehanna Securities, LLC, and*
*Susquehanna Investment Group*

**SIMPSON THACHER & BARTLETT LLP**
By:    */s/ Johnathan K. Youngwood*
Jonathan K. Youngwood (jyoungwood@stblaw.com)
Michael J. Osnato (michael.osnato@stblaw.com)
Anthony C. Piccirillo (anthony.piccirillo@stblaw.com)
425 Lexington Ave
New York, NY 10017
(212) 455-2000
*Attorneys for Plaintiff-Intervenor Citadel Securities*
*LLC*

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By:    */s/ Minyao Wang*
Minyao Wang
(minyao.wang@lewisbrisbois.com)
140 Broadway, 31st Floor
New York, NY 10005
(646) 989-9428

Julie Firestone (PHV forthcoming)
(julie.firestone@lewisbrisbois.com)
Ye Xu (PHV forthcoming)
(ye.xu@firestone@lewisbrisbois.com)
90 S 7th Street, Suite 2800
Minneapolis, MN 55402
(612) 428-5000

*Attorneys for Defendant*
*New Frontier Investment Management*
*Limited*

**SO ORDERED.**

Dated: New York, New York
August 11, 2026

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

4908-0827-6162.4