FRIEDMAN
KAPLAN

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

August 11, 2026

**VIA ECF**

Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Susquehanna Securities LLC, et al. v. John Does 1 Through 100,* No. 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

This firm represents plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group ("Susquehanna") in the above-captioned action (the "Action"). We write jointly with Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") pursuant to Rule 11.C of the Your Honor's Individual Practices in Civil Cases, as well as Section 6.1 of the Southern District of New York's Electronic Case Filing Rules, and the Court's standing order, 19-MC-00583, to respectfully request leave to file six documents under seal (the "Seal Documents"). The Seal Documents include unredacted copies of (i) Plaintiffs' Omnibus Reply Brief in Further Support of Their Application for a Preliminary Injunction; and (ii) the Declaration of Nathanael Wickham, dated August 11, 2026, and Exhibits A, B, C, and D thereto.

The information that Plaintiffs seek leave to redact and/or file under seal was produced to Susquehanna by Interactive Brokers LLC ("IBKR"), TradeUP Securities, Inc. ("TradeUP"), and Futu Clearing Inc. ("Futu Clearing," and collectively with IBKR and TradeUP, the "Brokers") in response to the non-party subpoenas authorized by this Court. (*See* ECF 10, 8-1, 8-2, 8-3.) The Seal Documents contain information that the Brokers have designated as "Confidential" pursuant to the Paragraph 3 of the Protective Order, dated July 16, 2026 (ECF No. 45) (the "Protective Order"). Specifically, this information includes personal financial information in the form of brokerage account numbers and information reflecting the stock trading history and profits of individuals that engaged in the Subject Trades (as defined in the Complaint). Such information falls squarely within the category of Confidential Information set forth in Paragraph 3(a) of the Protective Order: "previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins)." *See also Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025) (sealing account numbers); *SEC v. Waldman*, No. 17 CV. 2088 (RMB), 2019 WL 1644965, at *1 (S.D.N.Y. Feb. 14, 2019) (sealing "financial account numbers"); *Standard Inv.*

*Chartered, Inc. v. Fin. Indus. Regul. Auth., Inc.*, 684 F. Supp. 2d 407, 408 (S.D.N.Y. 2010) (sealing "financial data"). Further, at this time, these individuals and entities have not been specifically identified by Plaintiffs as defendants in this Action, as Plaintiffs have not yet filed their amended complaint. An order sealing the Seal Documents is thus imperative to protect the privacy and personal information of such individuals and entities.

Consistent with the applicable rules and Paragraph 6 of the Protective Order, Plaintiffs are filing herewith a public, redacted version of the Seal Documents, with redactions limited to information the Brokers have designated as "Confidential." Plaintiffs will file an unredacted copy of each Seal Document under seal. The proposed redactions are narrowly tailored to protect only the confidential information described above, and no less restrictive alternative would adequately protect the privacy interests at stake.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ John N. Orsini*

John N. Orsini

cc: All counsel of record (*by ECF*)

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 101.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Date: August 12, 2026