

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

August 13, 2026

**VIA ECF**

Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Susquehanna Securities LLC, et al. v. John Does 1*
            *Through 100,* No. 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

        This firm represents plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group ("Susquehanna") in the above-captioned action (the "Action"). We write jointly with Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") to update the Court as to: (i) Plaintiffs' progress notifying account holders already excluded from the TRO and preliminary injunction application; (ii) Plaintiffs' further narrowing of the accounts and account holders against whom Plaintiffs seek a preliminary injunction; (iii) Plaintiffs' expectations for the preliminary injunction hearing scheduled for this Friday, August 14, 2026; and (iv) Plaintiffs' intentions for a path forward in this Action.

**Notification to Previously Excluded Account Holders**

        Pursuant to the Court Order entered on August 11, 2026 (ECF 96, the "Exclusion Notice Order"), on August 11, Plaintiffs sent to each Broker[1] by email a copy of the Exclusion Notice Order, along with an unredacted copy of the list of account holders for each respective Broker that Plaintiffs previously informed the Court could be excluded from the TRO (ECF 89) and against whom Plaintiffs had determined that they did not intend to seek further relief at this time (including a preliminary injunction). Yesterday, Plaintiffs sent the Exclusion Notice Order to each of these account holders by email to the email addresses provided by the Brokers, or to their respective counsel (where known), informing them in the cover email that the Court has lifted the TRO and that their Brokers have been informed that the TRO no longer applies to their accounts.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them as in ECF 5.

Hon. Arun Subramanian                - 2 -                        August 13, 2026

In addition, yesterday Plaintiffs sent to the Brokers the Order the Court entered yesterday (ECF 106) and notified the Brokers that the TRO no longer applies to, and Plaintiffs no longer seek a preliminary injunction against, the accounts held by appearing defendants Hui Nam B. Tang, Weixian Wang, Dincer Ozcan, Chen Ji, Qian Wang, and Xiaohong Liang.  In response to the Court's question in ECF 106, Plaintiffs see no reason the action should not be dismissed as to these individuals.

**<u>Further Narrowing of John Doe Defendants and TRO</u>**

On August 11, Plaintiffs filed papers in further support of Plaintiffs' requested preliminary injunction, which included a list of 47 accounts (the "Narrowed Accounts") held by 45 individual account holders (the "Narrowed Defendants") against which Plaintiffs seek entry of a preliminary injunction with respect to the alleged unlawful proceeds.  (*See* ECF 102-105.)  As set forth in Plaintiffs' letter motion seeking to file unredacted versions of those papers under seal, which the Court has now So Ordered (ECF 107), Plaintiffs obtained the identities and trading records of the Narrowed Defendants pursuant to information provided to Plaintiffs by the Brokers that was designated as "Confidential" under the Protective Order entered in this Action.  As a result, the public, and the remaining John Doe Defendants, did not learn which John Doe Defendants are among the Narrowed Defendants, and which are ones that Plaintiffs do not intend to proceed against at this time.

Accordingly, yesterday Plaintiffs sent to each of the Brokers its respective list of the Narrowed Accounts.  Plaintiffs also provided notice by email to each of the Narrowed Defendants, or to their counsel (where known), that Plaintiffs intend to proceed against them and seek entry of the preliminary injunction.

At this time, Plaintiffs do not intend to proceed against any John Doe Defendant not among the Narrowed Defendants, and Plaintiffs' position is that the TRO entered by this Court can now be lifted as to all accounts not among the Narrowed Accounts. This would impact at least approximately 150 additional accounts (beyond those excluded accounts to which Plaintiffs have already sent notice), and perhaps more that have not been identified to Plaintiffs by the Brokers but that the Brokers have nevertheless restrained as a result of the TRO.

Accordingly, Plaintiffs respectfully request that the Court enter an Order that vacates the TRO as to all accounts other than the Narrowed Accounts identified in Plaintiffs' reply papers.  (*See* ECF 103, 105 at Exs. A-C.)  If the Court enters such an Order, Plaintiffs will promptly send such Order to the Brokers, which can then notify those account holders for whom the TRO is lifted and no preliminary injunction is sought.[2]

---

[2] Plaintiffs take no position on whether any of the Brokers may freeze all or part of any of the affected accounts for reasons other than the TRO in this action.

Hon. Arun Subramanian                - 3 -                August 13, 2026

**<u>The August 14 Hearing</u>**

Pursuant to the Court's Order at ECF 99, Plaintiffs have contacted each of the defendants who have appeared on the docket (the "Appearing Defendants") to meet and confer regarding the hearing scheduled for August 14.  As to two of those Appearing Defendants, the parties have stipulated to a limited preliminary injunction that the Court has already So Ordered,[3] and their counsels have confirmed that they do not intend to oppose the preliminary injunction at the August 14 hearing.  Counsel for a third Appearing Defendant[4] has confirmed that she does not oppose the preliminary injunction and does not plan to appear at the August 14 hearing.

Counsel for two of the Appearing Defendants, who are also among the Narrowed Defendants, asked Plaintiffs *today* if Plaintiffs would consent to further extensions to their respective time to oppose Plaintiffs' request for a preliminary injunction.  Such requests are untimely and Plaintiffs do not consent:

- Counsel for a fourth Appearing Defendant, Zhiqi Lin, noticed his appearance on July 30—the deadline for defendants to file any objection to the preliminary injunction—and sought an extension until August 6 to oppose (ECF 71).  On August 10, the Court granted nunc pro tunc an extension until August 6 (ECF 92), but Mr. Lin did not file any opposition—before or after the Court granted that extension.  Yesterday, Plaintiffs conferred with counsel for Mr. Lin and the parties discussed a potential stipulation as to the scope of the restraint on Mr. Lin's account.  But this afternoon, counsel for Mr. Lin asked Plaintiffs to consent to a further extension.  Plaintiffs oppose as untimely any further extension for Mr. Lin to oppose the entry of a preliminary injunction.  **Defendant's Position:** *Defendant Zhiqi Lin's position is that he desires to submit an opposition to the preliminary injunction. Lin was able to retain counsel on July 29, Lin's counsel was only able to speak with Plaintiff's counsel on August 12, and Lin was only able to speak with counsel substantively on August 12. Lin lives abroad, was not able to speak substantively with counsel until August 12, and his primary language is not English, making it difficult to prepare his opposition in a timely fashion. Lin requests that he be permitted to submit a short opposition shortly before the August 14 conference or have his arguments heard at the August 14 conference.*

- Counsel for a fifth Appearing Defendant, Xueqin Shen, noticed his appearance for the first time late last night (ECF 108).  Plaintiffs met and conferred with counsel for Ms. Shen, who informed us that his client received notice of the TRO and request for a preliminary injunction on July 21 by email, and that Ms. Shen retained him at the end of July to represent her in this action.  Counsel for Ms. Shen reached out to counsel for Susquehanna on August 5—six days after the deadline to file oppositions—and asked whether Plaintiffs would consent to an extension until

---

[3] Yang Jingyao (ECF 97) and New Frontier (ECF 98).

[4] Shun Yun Tsoi.

Hon. Arun Subramanian                    - 4 -                    August 13, 2026

August 31 for Ms. Shen to oppose the preliminary injunction as to her account. Plaintiffs did not consent. Nonetheless, counsel for Ms. Shen did not seek any relief from this Court and did not appear until last night. For this reason, Plaintiffs oppose as untimely any extension for Ms. Shen to oppose the entry of a preliminary injunction. Counsel for Ms. Shen has declined Plaintiffs' invitation to provide her position to include here, despite the Court ordering that the parties submit their respective positions in a joint letter (ECF 99), and submitted her own letter motion separately (ECF 110).[5] To this extent this Court intends to consider Ms. Shen's request, Plaintiffs will address the issues raised in that letter separately.

To the extent the Court grants Mr. Lin or Ms. Shen an extension, Plaintiffs respectfully request that the preliminary injunction be entered as to the remaining Narrowed Defendants (none of which opposes its entry), the TRO be extended as to Mr. Lin and Ms. Shen, and a brief schedule be set for these two Narrowed Defendants' objection to a restraint on their accounts only.

Plaintiffs have excluded the remaining six Appearing Defendants[6] from the Narrowed Defendants, and have contacted each to confirm that Plaintiffs are consenting to the lifting of the TRO and are not seeking a preliminary injunction as to them.

Accordingly, at this time there is no objection on file to the entry of the preliminary injunction by any Appearing Defendant to be addressed at tomorrow' hearing. For this reason, and unless the Court advises otherwise, Plaintiffs do not intend to bring their declarant, Nathanial Wickersham (ECF 103, 105), to the August 14 hearing to present live testimony. Counsel for Plaintiffs intend to come to the August 14 hearing prepared to answer any questions the Court may have, including with respect to the two Appearing Defendants' untimely requests for extension lodged today.

**Plaintiffs' Expected Path Forward**

Following the Court's ruling on the preliminary injunction, Plaintiffs intend to prepare amended complaints, or a consolidated amended complaint, naming the Narrowed Defendants as defendants. The amended complaint(s) will include additional factual allegations consistent with the newly discovered facts set forth in Plaintiffs' reply submission—along with any other facts that Plaintiffs learn in the interim. Plaintiffs respectfully request that the Court permit Plaintiffs to have until September 15, 2026, to file the amended complaint(s).

---

[5] Counsel states in his letter that "another defendant represented by the undersigned counsel was released from the TRO by the plaintiffs through similar negotiations." (ECF 110 at 3.) Counsel did not negotiate any such "release," rather Plaintiffs assessed the data they received from the Brokers regarding all John Doe Defendants and only sought to pursue the preliminary injunction as to the Narrowed Defendants based on that assessment.

[6] Wenlei Song, Hui Nam B. Tang, Weixian Wang, Dincer Ozcan, Chen Ji, Qian Wang, and Xiaohong Liang.

Hon. Arun Subramanian                    - 5 -                    August 13, 2026

Respectfully submitted,

*/s/ John N. Orsini*

John N. Orsini

cc:    All counsel of record (*by ECF*)