UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP,<br>Plaintiffs,<br>v.<br>JOHN DOES 1 THROUGH 100,<br>Defendants. | Case No. 26 Civ. 05474 (AS) |

**JOHN DOE DEFENDANT NO. 22's MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**

**SERPE LLC**

Silvia L. Serpe
Ross E. Morrison
16 Madison Sq. West
New York, New York 10010
212.257.5010
sserpe@serpellc.com
romorrison@serpellc.com

*Attorneys for John Doe Defendant No. 22*

# TABLE OF CONTENTS

Preliminary Statement……………………………………………………………………..1

Facts………………………………………………………………………………………2

1. Failure to Serve John Doe 22……………………………………………………2
2. John Doe 22's Trading Activity……………………………………….............3

Argument…………………………………………………………………………………5

Point I: The Court Should Deny Plaintiff's Application for a Preliminary Injunction Against John Doe 22 Because the Court Lacks Personal Jurisdiction Over Him……………………………………………………………………………..5

A. Legal Standards……………………………………………………………6

B. Plaintiffs Have Not and Cannot Effect Service on John Doe 22 Through the Hague Convention……………………………………………………………7

C. Even if the Court Were to Permit Alternative Service, No Alternative Method of Service Exists as to John Doe 22………………………………………9

Point II: Plaintiffs Have Not Demonstrated Any Basis For a Preliminary Injunction or Attachment…………………………………………………………………11

Conclusion………………………………………………………………………………13

# TABLE OF AUTHORITIES

## CASES


*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) 9

*Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) 7

*Convergen Energy LLC v. Brooks*, No. 20- cv-3746 (LJL), 2020 WL 4038353, *7-9 (S.D.N.Y. July 17, 2020) 10-11

*Fontanez v. PV Holding Corp.*, 2020 N.Y. Slip Op. 02173 (1st Dep't 2020) 8

*FTS Business Consultants, Inc. v. Baker*, No. 26-CV-6251 (MAV), 2026 WL 1078215, *4 (W.D.N.Y. April 21, 2026) 9

*NLRB v. Universal Smart Contracts, LLC*, 166 F.4th 304, 314 (2d Cir. 2026) 6

*Overnight Blowout LLC v. Shenzen Kairuijia E-Com. Co.*, No. 25-CV- 6086 (LJL), 2025 WL 2381588, at *2 (S.D.N.Y. Aug. 13, 2025) 9

*Provencher v. Bimbo Foods*, 175 F.4th 180, 185 (2d Cir. 2026) 6

*Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) 10

*Smart Study Co. Ltd. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170-71 (2d Cir. 2025) 7-8, 10

*Spin Master, Ltd. v. Aomore-US*, No. 23 Civ. 7099 (DEH), 2024 WL 3030405, at *7-10 (S.D.N.Y. June 17, 2024) 11

*United States v. Mrvic*, 652 F. Supp.3d 409, 413-14 (S.D.N.Y. 2023) 11

*Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56, 59 (2d Cir. 1981) 6

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705-06 (1988) 7

*Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990) *Passim*

*Zobay v. MTN Group Limited*, No. 22- Civ.-1855 (CBA), 2024 WL 4664675 (S.D.N.Y. Sept. 30, 2024) 11

**RULES**

Fed R. Civ. P. 4……………………………………………………………………………...passim

Fed R. Civ. P. 12……………………………………………………………………..….11

Fed. R. Civ. P. 65………………………………………………………………………………8

**TREATIES AND CONVENTIONS**

Hague Convention……………………………………………………………………passim

**OTHER AUTHORITIES**

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2956, at 555 (1973)…………..7, 9

Defendant John Doe No. 22 ("John Doe 22"), submits this Memorandum of Law in opposition to Plaintiffs' application for a preliminary injunction or an order of attachment in the alternative. John Doe 22 appears and files this opposition solely to oppose Plaintiffs' application, and expressly reserves and does not waive any defense, including insufficient service of process, lack of personal jurisdiction, improper venue, and improper joinder.

**PRELIMINARY STATEMENT**

The Court should deny Plaintiffs' application for a preliminary injunction or, in the alternative, for an attachment as to John Doe 22. First, personal jurisdiction does not exist over John Doe 22. Plaintiffs have not served John Doe 22, a citizen of the People's Republic of China who resides in mainland China, with any process, including the Summons and Complaint, in accordance with Fed. R. Civ. P. 4 and the Hague Convention. Plaintiffs' only attempt to serve John Doe 22 was to send via Federal Express a notice packet to an address in China where Plaintiffs believed John Doe 22 resides; however, that address is *not* John Doe 22's address, and, by Plaintiffs' own admission, the packet was *not* successfully delivered to John Doe 22 at that address. And, even if Plaintiffs requested that the Court allow them to use alternative service methods, the Court should deny that request because Plaintiffs do not have any other contact information for John Doe 22, rendering any alternative service attempts futile. Accordingly, Plaintiffs will not be able to effect service on John Doe 22 under any method authorized by applicable law and therefore cannot establish personal jurisdiction over that defendant. Under well-established Second Circuit law, the Court should deny Plaintiff's application for a preliminary injunction on this basis. (*See* Point I, *infra*).

Second, the Court also can deny Plaintiffs' application for a preliminary injunction and an attachment because Plaintiffs cannot establish any of the required elements, including irreparable harm or a likelihood of success or a serious question on the merits of their claims.

John Doe 22 hereby adopts and incorporates by reference the memorandum of law submitted by John Doe Defendant No. 1 (ECF 139), and the arguments asserted therein, on these issues. Indeed, as with John Doe 1, the Complaint contains no allegations specific to John Doe 22, including, among other things, who purportedly conveyed material nonpublic information to John Doe 22, or how any such information was communicated. The application rests solely on inferences from trading patterns, which cannot satisfy Plaintiffs' burden. And, to the contrary, John Doe 22 has submitted a Declaration which provides a reasonable explanation for the trades in Futu options: namely that John Doe 22's trading in FUTU was simply an application of John Doe 22's trading approach, which relies purely on public technical analysis and involves purchasing short-dated, out-of-the-money options in in a wide variety of stocks. Given these circumstances, the Court should deny Plaintiffs' application. (*See* Point II, *infra*).

## **FACTS**

### **1. Plaintiffs' Failure to Serve John Doe 22**

John Doe 22 is a citizen and resident of the People's Republic of China. (Declaration of John Doe 22, dated August 21, 2026, at ¶ 3). On August 12, 2026, counsel for John Doe 22 contacted Plaintiffs' counsel to determine whether their client was a defendant in this action. (Declaration of Silvia L. Serpe, dated August 21, 2026, at ¶ 4 and Ex. A at 12). Pursuant to additional email communications that day, counsel for John Doe 22 understood from Plaintiffs' counsel that John Doe 22 likely would not be among the remaining, i.e., "Narrowed," defendants in this litigation. (*Id.,* Ex. A at 7-8).

On August 14, 2026, approximately two hours before the hearing held that day by the Court on Plaintiffs' preliminary injunction application, Plaintiffs' counsel for the first time informed counsel for John Doe No. 22 via an email that "we now know that your client is John Doe 22. Please see attached copies of documents that we *served* on your client via FedEx on

August 11, 2026." (*Id.*, Ex. A at 6) (emphasis added).[1] Because John Doe 22 resides in China, which is twelve hours ahead of New York, counsel for John Doe 22 was unable to communicate with her client before the hearing (*Id.* at ¶ 7), and then filed an appearance on behalf of John Doe 22 because of the representation by Plaintiffs' counsel that they had served John Doe 22 on August 11, 2026. (*Id.* at ¶ 8).

On August 17, 2026, after counsel for John Doe 22 had notified Plaintiffs that they were not authorized to accept service (*id.*, Ex. A at 2), Plaintiffs filed a Certificate of Service (ECF 129-1), stating that service had not in fact been effected on John Doe 22, and that multiple attempts to deliver the notice packet to John Doe 22 via Federal Express at a physical address in China had been unsuccessful. (*Id.* at Ex. A at 2). John Doe does *not* reside at the address identified in Plaintiffs' Certificate of Service, and did not reside there on or after August 11, 2026, the date Plaintiffs attempted to send him the notice packet at that address. (John Doe 22 Decl., at ¶ 4). John Doe 22 has *not* received any documents filed in this action, including the Summons and the Complaint or the preliminary injunction application, from Plaintiffs, via Federal Express or by any other means. (*Id.* at ¶ 5). In addition, John Doe 22 has not received any documents filed in this action from his Singapore brokerage firm, via Federal Express or by any other means. (*Id.* at ¶ 6).

**2. John Doe 22's Trading Activity**

John Doe 22 opened his trading account in March 2024 on the Moomoo trading platform. (*Id.* at ¶ 7). Most of John Doe 22's trading is in options. (*Id.*). John Doe 22's general approach is straightforward: when a stock exhibits an upward trend, John Doe 22 buys call options, and

[1] Plaintiffs' representation that "notices were sent to the Narrowed Defendants' Broker-registered email and mailing addresses" is not accurate as to John Doe 22. (ECF 136 at 3). Similarly, their representation that they "emailed John Does 1 through 45" (*id.*), is also not accurate as to John Doe 22 (*see* Certificate of Service as to John Doe 22, ECF 129-1, 129-2).

when a stock exhibits a downward trend, John Doe 22 buys put options. (*Id.* at ¶ 13). Consistent with that approach, John Doe 22 purchased short-dated, out-of-the-money FUTU put options as a directional, single-leg speculative position. (*Id.* at ¶ 13).

Specifically, in early May 2026, John Doe 22 began closely monitoring FUTU, after the stock price experienced a significant decline on May 7, 2026. (*Id.* at ¶ 8). Over the following days, John Doe 22 observed that the price continued to fall, broke below its 75-period exponential moving average and its prior key support level, rebounded without reclaiming that support level, and thereafter remained capped below its 9-period exponential moving average. (*Id.* at ¶ 9). Based on that price action, John Doe 22 concluded that FUTU had entered a definitive downward trend. (*Id.*).

On May 15, 2026, in the early morning (which would have been May 14 in the afternoon EST), John Doe 22 purchased FUTU put options with a same-day expiration date and sold all of them prior to expiration. (*Id.* at ¶ 10). On May 16 in the early morning (which would have been May 15 in the afternoon EST), John Doe 22 purchased FUTU put options with a Friday, May 22 expiration date, which was the first available expiration date following those purchases. (*Id.* at ¶ 11). Options for FUTU on the Moomoo trading platform expired exclusively on Fridays. (*Id.*).

On May 19, 2026, John Doe 22 noticed that the FUTU stock price broke below the prior major low of $130, and subsequently bought put options on May 20, 2026, with an expiration date of Friday, May 22, 2026. (*Id.* at ¶ 12). On May 21, 2026, John Doe 22 purchased additional FUTU put options with a May 22, 2026 expiration date, having noticed that there was a substantial working order of 1000 contracts on the bid side. (*Id.*). John Doe 22 then sold all the remaining options John Doe 22 had bought prior to their May 22, 2026 expiration date. (*Id.*).

John Doe 22's trading in FUTU was not unusual for John Doe 22. (*Id.* at ¶ 14). John Doe 22 frequently engages in a high-risk, speculative options strategy in stocks other than FUTU, including purchasing short-dated, out-of-the-money options, in a range of widely traded underlying securities, such as including NVDA, TSLA, SPY, QQQ, LLY, GOOG, META, and SPXW. (*Id.* at ¶ 14). John Doe's trading in FUTU was simply an application of that same approach. (*Id.*).

John Doe 22's FUTU trades were executed purely based on public technical analysis. (*Id.* at ¶ 15). John Doe 22 did not have any nonpublic information relating to FUTU or TIGR when John Doe 22 made these FUTU trades. (*Id.*). In addition, John Doe 22 did not know who the counterparties were to any of these FUTU trades, including whether it was any of Plaintiffs, or any other party. (*Id.* at ¶ 17).[2]

## ARGUMENT

## POINT I

## THE COURT SHOULD DENY PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION AGAINST JOHN DOE 22 BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER HIM

The Court should deny Plaintiffs' application for a preliminary injunction against John Doe 22 because Plaintiffs have not satisfied their burden to establish that personal jurisdiction exists over John Doe 22. By Plaintiff's own admission, they have not been able to effect any service on this defendant and will not be able to do so under any means authorized by Fed. R. Civ. P. 4 or the Hague Convention. Indeed, because Plaintiffs do not have a correct physical address for John Doe 22, they will not be able to serve him through the Hague Convention. And, even if Plaintiffs requested and this Court allowed alternative service -- which it should not --

---

[2] John Doe 22 did not trade in TIGR. (*See* John Doe 22 Decl., at ¶ 16).

Plaintiffs do not have any alternative contact information for John Doe 22, making any such service attempts futile. Given that personal jurisdiction therefore does not exist over John Doe 22, and Plaintiffs have no probability of establishing it given the current, undisputed facts, the Court should deny Plaintiff's request for a preliminary injunction.

### A. Legal Standards

The Court's power to enter or maintain interim relief against a particular defendant depends on the Court having first acquired personal jurisdiction over that defendant. A court "must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against" the party," and "[t]he district court has no power to grant an . . . injunction against a party over whom it has not acquired valid jurisdiction." *Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990) (quoting, among other authorities 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2956, at 555 (1973); *see also Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56, 59 (2d Cir. 1981) ("A prima facie showing of jurisdiction will not suffice . . . where a plaintiff seeks preliminary injunctive relief. A court must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him."). Moreover, as relevant here, the lawful exercise of personal jurisdiction requires, among other things, valid service of process upon the defendant. *See Provencher v. Bimbo Foods*, 175 F.4th 180, 185 (2d Cir. 2026) ("A district court may exercise personal jurisdiction over an out-of-state defendant only if (1) the plaintiff has properly served "process upon the defendant"; (2) a state or federal statutory basis for personal jurisdiction "renders such service of process effective"; and (3) the exercise of personal jurisdiction "comport[s] with constitutional due process principles." (citing *NLRB v. Universal Smart Contracts*, LLC, 166 F.4th 304, 314 (2d Cir. 2026) (internal quotation marks omitted)).

Service of process on an individual in a foreign county like John Doe 22 is governed by Fed. R. Civ. P. 4(f), which in relevant part allows service "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) (quoting Fed. R. Civ. P. 4(f)(1)). Where, as here, both the United States and the People's Republic of China are signatories, service on a defendant in China "is governed by the Hague Convention," *id.*, and "[c]ompliance with the Convention is mandatory," which supplies "the exclusive means of valid service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705-06 (1988).

The mechanism the Convention prescribes for valid service is address-dependent. "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Schlunk*, 486 U.S. at 698-99. Under that method, "process is first sent to the Central Authority of the foreign jurisdiction in which process is to be served," the central authority "must then arrange to have process served on the defendants," and, upon completion, "must complete a Certificate detailing how, where, and when service was made, or explaining why service did not occur." *Burda Media*, 417 F.3d at 300. Significantly, the request form used to invoke that process requires "the names and addresses of the applicant, defendant, and foreign receiving authority." *Id.* at 296.

### B. Plaintiffs Have Not, and Cannot Effect Service on John Doe 22 Through the Hague Convention

Plaintiffs have not served, and will not be able to serve, John Doe 22 through the Hague Convention. John Doe 22 resides in mainland China. (*See* John Doe 22 Decl., at ¶ 3). Because the People's Republic of China has objected to the methods of transmission permitted by Article 10 of the Convention, the Convention's alternative transmission routes are unavailable as to him, and service must proceed through China's Central Authority, the Ministry of Justice. *See Smart*

*Study Co. Ltd. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170-71 (2d Cir. 2025). However, Plaintiffs cannot use that channel because they do not have John Doe 22's correct address. The address to which Plaintiffs purported to send John Doe 22 a case packet via Federal Express on August 11, 2026, and which is identified in the Certificate of Service filed by Plaintiffs (*see* ECF 129-1 at Exh. A (129-2)), is *not* in fact John Doe 22's address (John Doe 22 Decl., at ¶ 4).

Indeed, as reflected in the Certificate of Service filed by Plaintiffs, Plaintiffs' attempt at delivery of the case notice packet via Federal Express to that address failed, despite repeated attempts by Federal Express. (*See* ECF 129-1 at 2). Plaintiffs therefore have not served John Doe 22 and will not be able to do so through China's Central Authority. *See, e.g., Fontanez v. PV Holding Corp.*, 2020 N.Y. Slip Op. 02173 (1st Dep't 2020) (affirming finding that "plaintiff's attempts to serve through the Chinese Central Authority in accordance with the Hague convention would have been futile because she did not have defendant's correct address"). Accordingly, the Court does not have personal jurisdiction over John Doe 22, and it should deny Plaintiff's application to enter a preliminary injunction against John Doe 22 on this basis. *See Weitzman*, 897 F.2d at 659; *see also* (ECF 34 (the "Court notes that plaintiffs have not filed any proof of service with respect to any other defendant, so the Court cannot issue a preliminary injunction with respect to any other defendant. *See* Fed. R. Civ. P. 65(a)(1).").

Plaintiffs argue that Fed. R. Civ. P. 65 requires only "notice," rather than proper service under Rule 4(f). (ECF 136 at 2-3). However, "mere notice will not be sufficient to obtain jurisdiction over a defendant." *Weitzman*, 897 F.2d at 659 (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2956, at 555 (1973))*; id.* (remanding with instruction to district court that it may not enter an injunctive order without determining that there was a

"reasonable probability of ultimate success on the question of the court's *in personam* jurisdiction"); *see also Overnight Blowout LLC v. Shenzen Kairuijia E-Com. Co.,* No. 25-CV-6086 (LJL), 2025 WL 2381588, at *2 (S.D.N.Y. Aug. 13, 2025) ("Service is more than notice to the defendant.") (cleaned up); *see also FTS Business Consultants, Inc. v. Baker*, No. 26-CV-6251 (MAV), 2026 WL 1078215, *4 (W.D.N.Y. April 21, 2026) (noting that defendant's arguments regarding service of the summons and personal jurisdiction would be addressed in the motions to dismiss and at a preliminary injunction hearing). Here, Plaintiffs have not established personal jurisdiction over John Doe 22, and will not be able to do so, because they do not have any correct physical address for John Doe 22, and therefore have not been able to serve that defendant. *See Overnight Blowout*, 2025 WL 2381588 at *1 ("Courts have long recognized that '[t]he Hague Convention does not apply 'where the address of the person to be served with the document is not known.'" (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (quoting Hague Convention, Art. 1)). Moreover, there is no probability, let alone a "reasonable probability," *Weitzman*, 897 F.2d at 659, that they will be able to serve John Doe 22 through the Hague Convention's requirements without any physical address. The Court therefore should deny Plaintiffs' application for a preliminary injunction.

### C. Even If the Court Were to Permit Alternative Service, No Alternative Method of Service Exists as to John Doe 22

To the extent that Plaintiffs will move to authorize an alternative method of service under Fed. R. Civ. P. 4(f)(3), the Court should reject such request as futile because no such alternative method of service exists. *See* Fed. R. Civ. P. 4(f)(3) (allowing for service on a defendant in a foreign country "by other means not prohibited by international agreement, as the court orders").

As noted, Plaintiffs have no email, or any other contact information for John Doe 22. (*See* ECF 129-1 at 2).[3]

Were Plaintiffs to request alternative service on John Doe's United States-based counsel, the Court can swiftly reject any such application. As an initial matter, as counsel for John Doe 22 communicated to Plaintiffs, John Doe 22 has not authorized counsel to accept service of process. (Serpe Decl., ¶ 10); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (holding that "service of process on an attorney not authorized to accept service for his client is ineffective."). Notably, John Doe 22's counsel only appeared in this case *after* Plaintiffs erroneously informed counsel that they had served John Doe 22 via Federal Express with the TRO and preliminary injunction application in this matter. (Serpe Decl., ¶¶ 6-9 and Exh. A). That representation later proved to be untrue as acknowledged by Plaintiffs in their subsequent Certificate of Service. (*Id.* at ¶ 9; *see* ECF 129-1 at 2 and Ex. A; John Doe 22 Decl., at ¶ 4). Allowing service on John Doe's New York based counsel in these circumstances would be grossly unfair and prejudicial.

Significantly, any such service on John Doe's New York counsel would be improper under Fed. R. Civ. P. 4(f), which by its terms authorizes service on an individual "at a place not within any judicial district of the United States." *See Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 WL 4038353, *7-9 (S.D.N.Y. July 17, 2020) (rejecting request to serve foreign defendants through their United States-based counsel, explaining that "[t]he language of the Federal Rules is clear, and that language does not permit the Court to order alternative

---

[3] Even if Plaintiffs had an email address for John Doe 22, the Court would need to determine whether that method of service is permissible here under Fed. R. Civ. P. 4(f)(3), in light of the Second Circuit's decision in *Smart Study Co.*, 164 F.4th at 166, and other cases in this Court which have addressed that issue. In any event, the issue is not presented here because Plaintiffs have no email address for John Doe 22.

service at a place not within any judicial district of the United States when the service would be made in a judicial district of the United States."); *accord Spin Master, Ltd. v. Aomore-US*, No. 23 Civ. 7099 (DEH), 2024 WL 3030405, at *7-10 (S.D.N.Y. June 17, 2024).[4]

In sum, because in personam jurisdiction does not exist over John Doe 22, and there is no "reasonable probability," *Weitzman*, 897 F.2d at 659, that Plaintiffs will be able to serve John Doe 22 in accordance with Fed. R. Civ. P. 4(f) as necessary to establish such jurisdiction, the Court should deny Plaintiffs' application for a preliminary injunction.[5]

## POINT II

## PLAINTIFFS HAVE NOT DEMONSTRATED ANY BASIS FOR A PRELIMINARY INJUNCTION OR AN ATTACHMENT

While the Court need not reach the merits of Plaintiffs' preliminary injunction application or request for an attachment as to John Doe 22 (*see* Point I, *supra*), the Court also can deny the application because Plaintiffs cannot establish that they will suffer irreparable harm or that they have a likelihood of success or a serious question on the merits of their claims. John Doe 22 hereby adopts and incorporates by reference the memorandum of law submitted by John Doe

---

[4] While some courts have reached a contrary conclusion and have permitted service on a foreign defendant's United States counsel under Rule 4(f)(3), those cases are inapposite to the facts presented in the instant action. *See, e.g., United States v. Mrvic*, 652 F. Supp.3d 409, 413-14 (S.D.N.Y. 2023) (allowing service on United States counsel for defendant located in Bosnia-Herzegovina as comporting with due process because counsel had an "ongoing relationship" with Defendant, and communicated with the IRS, for multiple years, "on behalf of Defendant, in significant detail regarding the underlying tax dispute"); *Zobay v. MTN Group Limited,* No. 22-Civ.-1855 (CBA), 2024 WL 4664675, at * (S.D.N.Y. Sept. 30, 2024) (allowing service on United States counsel for companies located in China as comporting with due process because counsel also represented the companies in criminal proceedings pending in United States courts). Here, by contrast, counsel for John Doe 22 has had no such ongoing relationship with John Doe 22 and does not represent John Doe 22 in any other matters. (*See* Serpe Decl., ¶ 11).

[5] John Doe 22 reserves all rights to move to dismiss the complaint under any applicable ground, including under Fed. R. Civ. P. 12(b)(2) and 12(b)(5).

Defendant No. 1, and the arguments asserted therein, on these issues. (*See* ECF 139, Points I – IV).

Many of the arguments set forth by John Doe 1 apply with equal force to John Doe 22. As with John Doe 1, the Complaint contains no allegation specific to John Doe 22; among other deficiencies, it does not contain particularized allegations of John Doe 22's scienter; that either Plaintiffs or Intervenor are the counterparties to John Doe's trades; damages arising from John Doe's trades specifically; no identification of any insider or tipper or any personal benefit gained by such person; or any communication transmitting non-public information. The application therefore rests on inference from trading patterns alone, which cannot satisfy Plaintiffs' burden.

Moreover, John Doe 22 has provided a reasonable explanation for his trades in Futu options. Specifically, John Doe 22's trading in FUTU was not unusual for John Doe 22. (John Doe 22 Decl., at ¶ 14). John Doe 22 frequently engages in a high-risk, speculative options strategy in stocks other than FUTU, including purchasing short-dated, out-of-the-money options, in a range of widely traded underlying securities. John Doe's trading in FUTU was simply an application of that same approach. (*Id.*). John Doe 22's FUTU trades were executed purely based on public technical analysis (*id.* at ¶ 15), and without any material nonpublic information relating to FUTU or TIGR when those trades were made (*id.*). In short, given these facts there is a plausible explanation for John Doe 22's trades, other than insider trading – a conclusion only buttressed by the fact that Plaintiffs have already voluntarily dismissed over 100 John Doe Defendants they originally sued, based on a "review of the trading data." (Pl. Rep. Mem. at 4-5, ECF 132). The Court therefore should deny Plaintiffs' application for a preliminary injunction and order of attachment.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' application for a preliminary injunction and, in the alternative, for an order of attachment, as to John Doe 22. The Court also should vacate the existing restraint against John Doe 22 and grant such other and further relief as the Court deems just and proper.

Dated: August 21, 2026
New York, New York

Serpe LLC

By: /s/ Silvia L. Serpe

Silvia L. Serpe
Ross E. Morrison
16 Madison Sq. West
New York, New York 10010
212.257.5010
sserpe@serpellc.com
rmorrison@serpellc.com

*Attorneys for John Doe Defendant No. 22*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that the foregoing document complies with the word-count limit, in that it contains 4,228 words. In making this calculation, I have relied on the word count of the word processing system used to prepare the document.

Dated: New York, New York
August 21, 2026

*/s/ Silvia L. Serpe*
Silvia L. Serpe