ESSEKS INGOGLIA

**Rebecca Ann Cecchini**
350 Fifth Avenue, Suite 5200
New York, New York 10118

Telephone 212 358 4343
Direct line 212 206 2505
rebecca.cecchini@esseksingoglia.com

**BY ECF** August 18, 2026

Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *Susquehanna Securities, LLC et al v. John Does 1 Through 100,* 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian,

We write on behalf of our client, nonparty Interactive Brokers LLC ("IBKR"), and pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases and the Preliminary Injunction Hearing held on August 14, 2026, in the above-captioned matter, to respectfully request that Your Honor maintain certain redactions applied to the documents filed under seal by Plaintiffs at ECF No. 55-2, 89-1, 104, 105-1, and 105-4 (the "Redacted Documents"). IBKR has met and conferred with Plaintiffs and counsel for certain John Doe Defendants that have appeared, and they do not oppose the motion. Plaintiffs (and certain appearing John Doe Defendants) may seek further relief, in addition to that sought by IBKR, and IBKR takes no position on any such requests. IBKR and the other Brokers will further meet and confer with Plaintiffs (and certain appearing John Doe Defendants) to provide the Court with a single proposed set of redacted documents for Your Honor's consideration.

Each of the Redacted Documents contains Confidential Discovery Material, as defined in the Protective Order, ECF No. 45, produced by IBKR to Plaintiffs pursuant to a Rule 45 subpoena served on IBKR by Plaintiffs Susquehanna Securities, LLC and Susquehanna Investment Group. IBKR respectfully requests that certain redactions be maintained to protect the privacy interests of IBKR's customers, as detailed in the chart below.

| ECF No. | Content Requested to be Redacted |
|---|---|
| 55-2<br>56-1 | IBKR's customers' Account Numbers (except the last 4 digits), Home Addresses (except City, State), and Email Addresses<br>IBKR's customers' Names (for those customers not among the list of Narrowed Defendants) |
| 89-1<br>90-1 | IBKR's customers' Account Numbers (except the last 4 digits) |
| 102<br>104 | IBKR's customers' Account Numbers (except the last 4 digits) |
| 103-1<br>105-1 | IBKR's customers' Account Numbers (except the last 4 digits) |
| 103-4<br>105-4 | IBKR's customers' Account Numbers (except the last 4 digits) |

When considering a motion to seal a document, a Court must evaluate whether the document is "a judicial document subject to the [presumed] right of public access," *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006), the weight of a presumption of right of public access, *id*., and balance that presumption against "competing considerations," the qualified "First Amendment right of access" and "privacy interests of innocent third parties," *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, No. 25 CV 1110 (VB), 2026 WL 2271929, at *1–3 (S.D.N.Y. Aug. 6, 2026).

IBKR's requested redactions fall into two categories that are routinely protected from disclosure in this Circuit under the *Lugosch* balancing test. First, IBKR seeks to redact the account numbers (save the last four digits) and home addresses (save the City and State) of its customers. Financial account numbers and home addresses are both "sensitive information" pursuant to Rule 11.A of Your Honor's Individual Practices and the S.D.N.Y. Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files (the "SDNY Privacy Policy"), and litigants are permitted to redact those categories of sensitive information without Court approval. Rule 5.2 of the Federal Rules of Civil Procedure similarly allows for financial account numbers (save the last four digits) to be redacted in electronic court filings.

Second, IBKR seeks to redact other Personal Identifiable Information ("PII") of its customers, specifically its customers' names (for those customers not among the list of Narrowed Defendants) and its customers' email addresses. When weighing the presumed private right of public access against an individual's right to privacy, courts in this district "routinely allow

parties to file redacted versions of documents to protect personal identifying information." *In re Tecnologias Relacionadas Con Energia Y Servicios Especializados, S.A. De C.V.,* No. 25-MC-0435 (JPO) (RFT), 2026 WL 1506335, at *1 (S.D.N.Y. May 29, 2026); *see, e.g. Garcia v. Roc Nation LLC, et al.* No. 1:24-CV-7587-GHW, 2026 WL 2279620, at *31 (S.D.N.Y. Aug. 7, 2026) (allowing redactions to individuals' email addresses, residential addresses, and phone numbers and finding that "[r]edaction of that information is necessary to vindicate those individuals' privacy interests" and that the "proposed redactions are narrowly tailored to serve those interests"); *Cantinieri v. Verisk Analytics, Inc.,* No. 21-CV-6911(NJC)(JMW), 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) ("With respect to the documents containing Plaintiff's or other third-parties' personal information (*i.e.*, addresses, phone numbers, etc.), the Court finds this traditionally private information weighs heavily in the Court's balancing against the presumption of access . . . and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information."); *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025) (permitting redactions of PII "including personal phone numbers and email addresses and banking routing and account numbers"); *Sec. & Exch. Comm'n v. Waldman*, No. 17 CV. 2088 (RMB), 2019 WL 1644965, at *1 (S.D.N.Y. Feb. 14, 2019) (permitting redactions to financial account numbers, personal e-mail addresses, and physical home addresses). At this preliminary stage in the litigation, before Plaintiffs have amended their complaint to identify the named defendants, each of IBKR's customers has an interest in maintaining its privacy as to the details proposed to be redacted that outweighs any interest the public may have in those details. *See*, *e.g. Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2026 WL 522622, at *1 (S.D.N.Y. Feb. 25, 2026) (allowing narrowly tailored redactions to financial records, including account numbers, because certain banking information "could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer."); *United States v. Adams*, No. 24-CR-556 (DEH), 2025 WL 844340, at *4 (S.D.N.Y. Mar. 18, 2025) (allowing redactions for "all email addresses and phone numbers," which "provide the public with no substantive information.").

This is particularly true for those IBKR customers whose information has been produced, but whom Plaintiffs have said they do not intend to name as a defendant. Those individuals are non-parties who were swept up in this litigation and have a right to maintain their privacy from the public docket. *See, e.g. United States v. Amodeo,* 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access. Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'") (internal citation omitted); *In re Search Warrant dated Nov. 5, 2021*, No. 21 MISC. 813 (AT), 2026 WL 2323257, at *2 (S.D.N.Y. Aug. 11, 2026) ("Redactions to protect the privacy interests of uncharged and/or innocent third parties are also justified.") (internal citation omitted); *Old Slip Benefits & Ins. Servs., LLC*, 2026 WL 2271929,

at *2 (allowing redaction of non-party lenders' financial account numbers and employees' personal contact information); *Hei Li v. Greatcare Inc.*, No. 24-CV-7401 (JHR) (KHP), 2026 WL 2123268, at *2 (S.D.N.Y. July 22, 2026) ("The proposed redactions are limited to information implicating legitimate privacy interests, including personal identifying information and other nonpublic information concerning non-party individuals who are not central to the merits of the parties' dispute. . . Courts in this Circuit frequently grant such narrowly tailored redactions.").

IBKR respectfully requests that the Court maintain redactions to protect its customers' names, home addresses, email addresses, and account numbers. These redactions are narrowly tailored to protect IBKR's customer's individual privacy interests.

Dated: New York, New York
August 18, 2026

Respectfully submitted,

*/s/ Rebecca Ann Cecchini*
Rebecca Ann Cecchini

ESSEKS INGOGLIA
350 Fifth Avenue, Suite 5200
New York, NY 10118
(212) 358-4343
rebecca.cecchini@esseksingoglia.com

*Counsel for Defendant*
*Interactive Brokers LLC*

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 133.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 24, 2026