1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

August 18, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**RE: *Susquehanna Securities LLC, et al. v. John Does 1 Through 100,* No. 1:26-cv-05474 (AS) (S.D.N.Y.)**

Dear Judge Subramanian:

We write on behalf of non-party Futu Clearing Inc. ("Futu Clearing"), which has produced information regarding certain customers of its foreign affiliates to Plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group (collectively and together with Citadel Securities LLC, "Plaintiffs") in response to a non-party subpoena issued in this action.

Pursuant to Paragraph 11(A)-(C) of the Court's Individual Practices in Civil Cases ("Paragraph 11") and the Court's guidance at the hearing on August 14, 2026, Futu Clearing respectfully requests that—to the extent the Court determines to unseal documents filed by Plaintiffs—the Court permit targeted redaction of certain personal identifying information contained in Plaintiffs' filings (including ECF Nos. 56, 63, 90, 102, 103, 130, and accompanying exhibits): (i) for all customers identified in those documents, redaction of the customer's address (except city and state), email address, and account identification number (except the last four digits); and (ii) for customers that Plaintiffs have now voluntarily dismissed, redaction of the name as well. With permission from the Court, Futu Clearing will confer with Plaintiffs, and with the other two non-party brokerage firms who have produced information to Plaintiffs, to submit one set of proposed redacted documents for the Court's consideration.

Plaintiffs have informed us that they do not object to this request. We have also notified counsel for the appearing Defendants[1] of this request and have received no objections, but there has not been sufficient time for all to respond. We understand that Plaintiffs and some appearing Defendants may write to the Court to seek additional redactions or further sealing, as to which Futu Clearing takes no position.

[1] We understand the appearing Defendants to be Yang Jingyao, Lin Zhiqi, Tsoi Yun Shu, Huayuanxing Trading Ltd, Wenlei Song, New Frontier Investment Management Limited, Xiaohong Liang, Xueqin Shen, Shen Xueqin, John Doe 1, John Doe 22, Dincer Ozcan, Chen Ji, Hui Nam B Tang, Qian Wang, and Weixian Wang.

## I. BACKGROUND

Futu Clearing is a U.S.-registered broker dealer. It provides clearing services to various online brokerage platforms operated by its foreign affiliates. Its parent company, Futu Holdings Limited, is a Cayman Islands holding company traded on Nasdaq. Plaintiffs allege that anonymous defendants traded short-dated put options on the stock of Futu Holdings Limited and another company, Up Fintech Holding, in the two weeks before the May 22, 2026 announcement of a Chinese government action regarding cross-border trading platforms, and that the timing, volume, and nature of the trades was indicative of insider trading. ECF No. 1, Compl. ¶¶ 19, 22, 23.

Plaintiffs allege that these trades were primarily made through three brokerage firms, including Futu Clearing's foreign affiliates. *Id.* ¶ 22. On June 29, 2026, shortly after the commencement of this action, the Court granted the issuance of non-party subpoenas seeking account and trade information from the three brokerage firms. ECF No. 10. In response to Plaintiffs' subpoena, Futu Clearing produced information related to 38 customers of its foreign affiliates and designated its productions as "Confidential" pursuant to the Protective Order. ECF No. 45. Plaintiffs have since included customer information in their filings. ECF Nos. 56, 63, 90, 102, 103, 130, and accompanying exhibits.

On August 12, 2026, Plaintiffs informed the Court that they have identified a list of 45 "Narrowed Defendants" (including 20 customers of Futu Clearing's foreign affiliates) and that they "do not intend to seek further relief against [any other accountholders not among the Narrowed Defendants], including a preliminary injunction, at this time." ECF Nos. 104; 105-2. Earlier this evening, Plaintiffs filed a voluntary notice of dismissal without prejudice of all defendants other than the Narrowed Defendants. ECF No. 132.

## II. LEGAL STANDARD

Paragraph 11(A) permits parties to redact "sensitive information" and information requiring "caution" without prior Court approval. Consistent with Rule 5.2 of the Federal Rules of Civil Procedure, parties should not include in public filings—"unless necessary"—"sensitive information" including "home addresses [use only the City and State]" and "financial account numbers [use the last four digits only]." Paragraph 11(A). The Court's Privacy Policy similarly permits redaction of information requiring "caution," including "personal identifying number(s)." *SDNY: Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files*.

Relatedly, the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), sets forth the framework for sealing information in public filings. Under *Lugosch*, "a common law presumption of access attaches" to all judicial documents, but the Court must "determine the weight of that presumption." *Id.* at 119. "[D]ocuments that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption . . . .'" *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). The Court must also consider the countervailing interests that weigh against public disclosure. *Lugosch*, 435 F 3d. at 120. "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person'" whose information may be disclosed, particularly where the information of non-parties is at stake. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (holding

"the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).

## III. CUSTOMERS' PERSONAL IDENTIFYING INFORMATION SHOULD BE REDACTED

Futu Clearing respectfully seeks to maintain targeted redaction of customer identifying information included in Plaintiffs' filings (ECF Nos. 56, 63, 90, 102, 103, 130, and accompanying exhibits): (i) the addresses (except city and state), email addresses, and account identification numbers (except the last four digits) for all 38 customers of Futu Clearing's foreign affiliates; and (ii) the names of 18 customers of Futu Clearing's foreign affiliates that Plaintiffs have voluntarily dismissed. Both categories of information amply meet the standard for redaction.

As an initial matter, the first category can be redacted without prior approval under Paragraph 11(A). Unsealing the contact information and account identifiers for 38 customers—the vast majority of whom are foreign individual investors—raises serious privacy and security concerns.

Further, the *Lugosch* framework strongly counsels in favor of confidentiality. *First*, neither category of identifying information bears on any dispositive issues in the case. The emails and addresses of customers were filed to certify service and are irrelevant to the merits of the case. And there is even less relevance in any identifying information about the 18 customers of Futu Clearing's foreign affiliates that Plaintiffs have voluntarily dismissed and will not name as defendants in the amended complaint. *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2023 WL 2810660, at *3 (S.D.N.Y. Apr. 6, 2023) (allowing redaction of identifying information of non-party that was "tangential to the instant dispute").

*Moreover*, the privacy interests of customers strongly weigh against disclosure. Courts routinely permit sealing of non-parties' identifying information to protect such interests. *See, e.g.*, *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles, and email addresses of non-party individuals despite "strong presumption of public access"); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (redacting names where "the privacy interests of [defendants'] . . . investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions . . . , outweigh the presumption of public access"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (finding that narrowly tailored redactions of customer information—including names and financial account numbers—overcame the presumption of public disclosure). The privacy interests of the 18 customers who are now non-parties should "weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050.

*Finally*, Futu Clearing's request is narrowly tailored to the specific portions of Plaintiffs' filings containing personal identifying information. Courts routinely find such limited redaction requests to be reasonable and appropriate. *See, e.g.*, *Al Thani*, 2021 WL 2789276, at *1 (granting redaction of non-party investors' names "narrowly tailored to protect the investors' privacy interests"); *Goldman*, 119 F. Supp. 3d at 156 (similar).

## IV. CONCLUSION

For the foregoing reasons, Futu Clearing respectfully requests that the Court permit redaction of the personal identifying information of customers as described above.

We thank the Court for its consideration.

Respectfully submitted,

/s/ *Hanyu (Iris) Xie*
Hanyu (Iris) Xie
Douglas K. Yatter
LATHAM & WATKINS LLP

*Counsel for Non-Party Futu Clearing Inc.*

cc: All Counsel of Record (via ECF)

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 134.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 24, 2026