NORTON ROSE FULBRIGHT

August 18, 2026

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022

**Anthony D. Lauriello**
**Partner**
Direct line +1 212 318 3093
anthony.lauriello@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

**VIA ECF**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Susquehanna Securities LLC, et al. v. John Does 1 Through 100, No. 1:26-cv-05474*

Dear Judge Subramanian:

I write on behalf of non-party broker TradeUP Securities, Inc. ("TradeUP"). I write to respectfully request that certain redacted portions of documents filed in the above-captioned matter remain under seal.

Some of the relevant trades at issue in this matter have passed through accounts at TradeUP, including "omnibus accounts" for other broker dealers. (For an explanation of omnibus accounts, *see* Dkt. 115.) In response to a June 29, 2026 subpoena, TradeUP has produced documents to Plaintiffs related to specific trades and traders. TradeUP has designated certain information in its productions as Confidential pursuant to the Protective Order entered in this case. (Dkt. 45.) Plaintiffs filed their pleadings that included Confidential information under seal.

During the August 14, 2026 hearing, the Court indicated it was considering unsealing much, if not all, the documents in this case. After receiving unredacted copies of the relevant filings late in the evening of August 17, 2026, TradeUP respectfully requests that the following information remain under seal:

- The email addresses, addresses (save for city and state), and account identifier numbers (save for the last four digits) for all customers (Dkt. Nos. 56, 90, 102, 103 and accompanying exhibits); and

- The names of TradeUP customers not among the list of "Narrowed Defendants" identified by Plaintiffs. (Dkt. No. 56 and accompanying exhibits.)

Good cause exists to seal both categories of the above information and redact the relevant documents. Email addresses, home addresses and account identifiers all fall into the definition of "sensitive information" under Paragraph 11(A) of this Court's Individual Practices in Civil Cases, which permits the redaction of such information in public filings without Court approval. While at least some of the addresses in the redacted filing are business addresses, courts have held that the "privacy interests in such contact information outweigh any presumption of public access." *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *6 (S.D.N.Y. Sept. 21, 2023).

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

The names of customers who are not Narrowed Defendants in this matter should also be sealed. Courts in this district routinely allow for the sealing of the identities of non-parties. *See*, *e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("The privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation") (citation omitted); *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (granting in part motion to seal where redactions obscured personally identifiable information of non-parties because the public's interest in that was "negligible and easily outweighed by the non-parties' privacy interests"); *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024) (granting motion to redact where "the proposed redaction is narrowly tailored to protect the legitimate privacy interests of the non-party potential customer").

TradeUP also respectfully requests that it be permitted to submit proposed redactions at a later date. TradeUP intends to meet and confer with the other two non-party brokers (Futu Clearing Inc. and Interactive Brokers LLC), as well as Plaintiffs, for the purpose of attempting to agree upon one set of redacted documents for the Court's review. A coordinated submission will avoid burdening the Court with multiple redaction requests and ensure a more orderly and efficient review process.

After corresponding with Plaintiffs and certain Defendants in conjunction with the two other non-party brokers, TradeUP understands the above requests to be unopposed.[1] TradeUP's position is without prejudice to any other parties' ability to seek further relief and redactions from this Court and TradeUP understands that Plaintiffs and certain Defendants may seek further redactions.

For the reasons described above, TradeUP therefore respectfully requests that the above-described information remain under seal and permission to submit proposed redactions at a later date after further discussions with the other non-party brokers and parties in this case.

Respectfully,

Anthony D. Lauriello

GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 135.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 24, 2026

---

[1] Counsel for certain defendants noted that they had not been able to consult with their clients regarding the proposed approach due to significant time zone differences.