Katherine Burghardt Kramer
kkramer@dtolaw.com

August 20, 2026

**VIA ECF**

Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Response to Letter Motions to Seal (ECF Nos. 133, 134, and 135)**
**Susquehanna Securities LLC, et al. v. John Does 1 Through 100,**
**No. 1:26-cv-05474 (AS) (S.D.N.Y.)**

Dear Judge Subramanian:

On behalf of John Doe Defendant Yang Jingyao ("Mr. Yang"), I write in response to the letter motions to seal submitted by non-parties Interactive Brokers LLC, Futu Clearing Inc., and TradeUP Securities, Inc. (the "Brokers") (ECF Nos. 133, 134, and 135).

To the extent the Court determines to unseal documents filed by Plaintiffs, each of the Brokers has requested the Court permit targeted redaction of (a) as to all customers, addresses, email addresses, and account identification numbers (except the last four digits); and (b) as to customers not among Plaintiffs' list of "Narrowed Defendants," names as well. (*See id.*)

Mr. Yang does not oppose the Brokers' requested relief. However, as a modification, Mr. Yang requests that all account identification numbers be redacted in their entirety for additional privacy protection, at least until the Court has had an opportunity to rule on any motions to dismiss the forthcoming amended complaint. At this point, no defendants have been specifically named in the operative Complaint (ECF No. 1), and heightened protection of privacy interests is warranted at this early stage.

In addition, Mr. Yang respectfully requests the Court permit the continued redaction and sealing of Plaintiffs' trading analyses of the at-issue trades. These

analyses appear in both Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Application for a Preliminary Injunction or Attachment in the Alternative (ECF No. 104) and the Declaration of Nathanael Wickman, Exhibit D (ECF No. 105-4). Those documents were sealed pursuant to ECF No. 101 (motion) and 107 (order). These trading analyses include a high level of sensitive detail about specific financial transactions. As stated, none of the John Doe Defendants has been named in the case or had a chance to raise potentially dispositive threshold arguments in favor of dismissal, and yet these documents would reveal sensitive financial information if unsealed now. The redactions already applied and approved by the Court as to the documents at ECF Nos. 104 and 105-4 should thus be maintained. *See* ECF No. 107 (sealing order).

Mr. Yang therefore requests the redactions and sealing of information at ECF Nos. 104 and 105-4 be maintained at least until after the Court has had an opportunity to rule on any motions to dismiss the forthcoming amended complaint, and to the extent these redactions are time-limited by the Court, such order should be without prejudice to a request for continued sealing by Mr. Yang or any other party after that time.

I have conferred with counsel for Plaintiffs, who informed me they do not oppose these additional requests and take no position on the issue. Additionally, counsel for Doe Defendant 1, Doe Defendant 22, and New Frontier Investment Management Limited join this request.

Sincerely,

Katherine Burghardt Kramer

GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

The Court permits the continued redaction of the trading analyses that appear in the Plaintiffs' Reply Memorandum of Law and the Declaration of Nathanael Wickman as contained in ECF No. 104 and ECF No. 105-4, respectfully.

The Court, however, denies the request that all account numbers be redacted in their entirety.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 24, 2026