FRIEDMAN KAPLAN

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

September 9, 2026

**VIA ECF**

Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Susquehanna Securities LLC, et al. v. John Does 1 Through 100*, No. 1:26-cv-05474 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

Plaintiffs Susquehanna Securities LLC and Susquehanna Investment Group ("Susquehanna") and Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") in the above-captioned action (the "Action") write, pursuant to Rule 3.E of this Court's Individual Practices in Civil Cases, to respectfully request an extension of Plaintiffs' time to file an amended complaint from September 15, 2026, until 14 days after the Court rules on Plaintiffs' application for a preliminary injunction (ECF 4-8). This is Plaintiffs' first request to extend the deadline to file an amended complaint.

As a reminder, at the hearing held on August 14, 2026 (the "Hearing"), Plaintiffs requested that the Court set a deadline of September 15, 2026, for Plaintiffs to file an amended complaint, which the Court granted. (*See* Transcript of Hearing, Aug. 14, 2026, at 27:8-29:24.) In doing so, over the objection of one dissenting defendant who argued the deadline should be earlier, the Court noted that "it's in everyone's best interest for the plaintiffs to have the time to make sure they're putting their best foot forward in this complaint, given service issues and everything else, to see the full scope of the case and have an opportunity to respond to that version, rather than rushing things at the outset." (*Id.* at 29:19-24.)

At the time Plaintiffs made this request, the Court ordered additional briefing on Plaintiffs' application for a preliminary injunction, and the then-existing restraints were set to expire on August 28, 2026. (ECF 127 ¶ 1.) As a result, when Plaintiffs requested the September 15 deadline, Plaintiffs were operating under the understanding that the Court would issue a ruling on Plaintiffs' application for a preliminary injunction by August 28, and that Plaintiffs then would have the benefit of the Court's ruling during the more than two weeks thereafter while finalizing preparation of the amended complaint.

However, given the volume and density of the briefing and issues presented to the Court by Plaintiffs and those defendants who have opposed the preliminary injunction, the Court has twice extended the existing restraints (*see* ECF 169 & 173), such that they now expire this Friday, September 11, 2026 (ECF 173). As a result, the amount of time Plaintiffs will have to review, digest, and then apply any analysis set forth in the Court's ruling to the preparation of an amended complaint has been significantly shortened if the deadline remains September 15.

Plaintiffs emailed counsel for all appearing defendants to ask whether they consent to this extension. Counsel for defendant Yang Jingyao has informed us that she opposes the extension sought herein, stating as follows:

> *On behalf of Doe defendant Yang Jingyao, we don't consent. Further delay in this case prejudices Mr. Yang and the other defendants. We can't move to dismiss the complaint, because you are intending to amend – but if you drag out the amendment process, we remain in limbo. This lawsuit is unfairly hanging over my client's head, with significant funds tied up as a result. Mr. Yang previously opposed even the extension of your amendment deadline to September 15. Plaintiffs need to move forward expeditiously with amending the complaint. Either you have a sufficient basis for the claims you asserted on a conclusory, scattershot basis on June 29, or you don't. If you believe you have a sufficient basis, you should be ready to amend now. If you don't, you should dismiss the case. Moreover, your core theory of liability – essentially a "res ipsa" assertion of insider trading – has crumbled in the intervening months, with the dismissal of hundreds of unnamed Doe defendants caught up in your overbroad TRO, the voluntary dismissal of other defendants, and the credible, detailed assertions of market-based trading decisions by multiple defendants in opposing the preliminary injunction. In short, no, we do not consent to any extension of the amendment deadline beyond September 15.*

Counsel for John Doe 22 and John Doe 33 informed us that they join the opposition above. Counsel for defendant New Frontier Investment Management Limited joined that objection and noted "*[t]he Court previously granted Plaintiffs a generous extension of time to amend and Plaintiffs have had more than adequate time to investigate any additional relevant facts to cure the fatal weaknesses in the original complaint.*" Counsel for defendant Huayuanxing Trading Ltd. joined the opposition of other defendants "*on the ground that the complaint totally failed to state a cause of action against our client. Plaintiffs' claims against Huayuanxing Trading Ltd rest on a single assumption: because Huayuanxing allegedly purchased short-dated put options in Futu before a public announcement concerning a Chinese Government crackdown on offshore brokers, Huayuanxing must have traded on material nonpublic information. A timing-based inference, without particular facts tying*

*Huayuanxing to PRC regulators, Futu personnel, a tipper, a breach of duty, or actual possession and use of material nonpublic information, is not cogent or compelling. No matter how the Plaintiff would like to amend the complaint, they will not have the particulars, because they do not exist*." Counsel for defendants Zhengfei Li and Flying Height Trading Co., Ltd. stated they "*do not consent to plaintiff's extension request*" but did not provide a reason.

These objections ignore the practical realities of a case involving a large number of overseas defendants, that Rule 15 provides for amendment as a matter of course at this stage of litigation, and that this matter has been pending for less than three months (a relatively short period of time for a complex, multi-defendant securities fraud action involving numerous overseas parties).[1] As discussed at the Hearing, defendants primarily reside in Hong Kong and China, and service will require use of procedures pursuant to the Hague Service Convention and is likely to take months. Indeed, over a month ago, counsel for Yang Jingyao informed us specifically that she was not accepting service of the complaint, and counsel for New Frontier Investment Management Limited informed us he had no authority to accept service at all. These defendants—and the others that object to this extension—will all need to be served through Hague Convention procedures. In order to avoid the need to engage in such procedures to serve potential additional amendments to the complaints, and given the burden of serving each foreign defendant, Plaintiffs' request for a modest two-week extension at this stage of the case is exceedingly reasonable.

***

Accordingly, Plaintiffs respectfully request that the Court permit Plaintiffs to file an amended complaint on or before the date that is 14 days after the Court's entry of an Order ruling on Plaintiffs' application for a preliminary injunction. If the Court separately enters a Memorandum Decision or similar explaining the reasoning for its ruling, then Plaintiffs respectfully request that the 14 days run from entry of such decision.

No appearance is currently scheduled before the Court, and no deadlines remain in this Action other than those addressed herein.

Respectfully submitted,

*/s/ John N. Orsini*

John N. Orsini

cc: All counsel of record (*by ECF*)

[1] Rule 15(a)(1) permits amendment of a pleading as a matter of course no later than (A) 21 days after serving it, or (B) 21 days after service of a responsive pleading or motion to dismiss. Here, the initial pleadings have not yet been served on defendants, and accordingly, defendants' time to respond has not yet accrued and Plaintiffs are within their time to amend as a matter of course.