UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSQUEHANNA SECURITIES, LLC and SUSQUEHANNA INVESTMENT GROUP,

Plaintiffs,

v.

JOHN DOES 1 THROUGH 100,

Defendants.

Case No. 26 Civ. 5474

**[PROPOSED] STIPULATION AND ORDER DISSOLVING PRELIMINARY INJUNCTION**

**[PROPOSED] STIPULATION AND ORDER REGARDING DISSOLUTION OF LIMITED PRELIMINARY INJUNCTION AS TO DEFENDANT NEW FRONTIER INVESTMENT MANAGEMENT LIMITED**

WHEREAS, on June 29, 2026, Plaintiffs Susquehanna Securities, LLC, and Susquehanna Investment Group (together, "Susquehanna") filed the Complaint (ECF 1) and moved for a temporary restraining order and related relief (ECF 4-8);

WHEREAS, on June 29, 2026, the Court entered a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (the "TRO") (ECF 10) which, among other things, temporarily restrained and enjoined defendants John Does 1 through 100 from transferring, encumbering, removing, or otherwise conveying proceeds held in brokerage accounts, including accounts maintained at TradeUP Securities, Inc. ("TradeUP"), pending a hearing and decision on Plaintiffs' application for a preliminary injunction (the "PI Application");

WHEREAS, on July 2, 2026, Plaintiff-Intervenor Citadel Securities LLC ("Citadel Securities," and together with Susquehanna, "Plaintiffs") filed an Order to Show Cause seeking leave to intervene in this action; by order dated July 10, 2026, the Court granted Citadel Securities' request to intervene; and Citadel Securities thereafter joined in the pending PI Application;

WHEREAS, the TRO applies to accounts held through TradeUP, including TradeUP Account No. 72200090 (the "Account"), which is held by, for the benefit of, or under the control of Defendant New Frontier Investment Management Limited ("New Frontier");

WHEREAS, on August 11, 2026, the parties signed and the Court so-ordered a stipulation between Plaintiffs and New Frontier with respect to a limited stipulated preliminary injunction regarding the Account, as set forth in detail in said stipulation (ECF 98) (the "Stipulated New Frontier Preliminary Injunction");

WHEREAS, the Stipulated New Frontier Preliminary Injunction expressly provided that it was entered into "on an agreed interim basis and without prejudice to [the parties'] respective claims, defenses, or legal positions, the scope of the restraints applicable to the Account pending further order of the Court"; and

WHEREAS, on September 14, 2026, the Court entered an Opinion and Order denying the PI Application and dissolving the TRO effective as of 5:00 PM on September 16, 2026 (ECF 190);

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and New Frontier, by and through their undersigned counsel, and subject to the approval of the Court, as follows:

**Immediate Dissolution of the New Frontier Preliminary Injunction.** The Stipulated New Frontier Preliminary Injunction and the Partial Freeze (as such term is defined in the New Frontier Preliminary Injunction) are dissolved and lifted in their entirety with immediate effect upon the entry of this Stipulation by the Court.

**Instructions to TradeUP.** TradeUP is authorized and directed to release any and all the restraints on the Account imposed solely by reason of the New Frontier Preliminary Injunction and the Partial Freeze, upon the effective date of this Order.

**No Waiver; Reservation of Rights.** By entering into this Stipulation and Order, no party admits any fact, liability, damages, wrongdoing, or entitlement to relief except as expressly set forth herein, and each party expressly preserves and does not waive any claims, defenses, objections, arguments, or rights, including with respect to personal jurisdiction, subject matter jurisdiction, service, venue, the merits, the availability or scope of injunctive relief, the amount of any alleged profits, tracing, attachment, or any other issue.

**Counterparts; Electronic Signatures.** This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Signatures transmitted by PDF or other electronic means shall be deemed effective as originals.

**[Remainder of Page Intentionally Left Blank]**

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
By: /s/ John N. Orsini
John N. Orsini (jorsini@fklaw.com)
Jared Lenow (jlenow@fklaw.com)
Carolyn Young (cyoung@fklaw.com)
Bo Garfinkel (bgarfinkel@fklaw.com)
7 Times Square
New York, NY 10036
(212) 833-1100

*Attorneys for Plaintiffs Susquehanna Securities, LLC, and Susquehanna Investment Group*

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: /s/ Minyao Wang
Minyao Wang
(minyao.wang@lewisbrisbois.com)
140 Broadway, 31st Floor
New York, NY 10005
(646) 989-9428

*Attorney for Defendant New Frontier Investment Management Limited*

**SIMPSON THATCHER & BARTLETT LLP**
By: /s/ Johnathan K. Youngwood
Jonathan K. Youngwood (jyoungwood@stblaw.com)
Michael J. Osnato (michael.osnato@stblaw.com)
Anthony C. Piccirillo (anthony.piccirillo@stblaw.com)
425 Lexington Ave
New York, NY 10017
(212) 455-2000

*Attorneys for Plaintiff-Intervenor Citadel Securities LLC*

**SO ORDERED.**

Dated: New York, New York
________________, 2026

HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE